**Samuel Roy JONES, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 16566.

Court of Civil Appeals of Texas.

Dallas.

May 28, 1965.

Rehearing Denied July 2, 1965.

Thompson, Coe, Cousins & Irons, and Larry L. Gollaher, Dallas, for appellant.

Henry Wade, Dist. Atty., and John J. Orvis, Asst. Dist. Atty., Dallas, for appellee.

DIXON, Chief Justice.

Appellant Samuel Roy Jones brought this suit to set aside an order of Texas Department of Public Safety suspending his automobile operator's license for a period of six months.

The Department filed an answer and a cross-action in which it alleged that at an administrative hearing before a judge of the Corporation Court of Dallas, Texas it had been found as a fact that appellant had been convicted of an offense in another state which if committed in this state would be grounds for suspension of appellant's operator's license. In particular it was found that appellant had been convicted in the State of Illinois of driving an automobile while intoxicated. See Art. 6687b, Sections 22(a), 22(b)7 and 28, Vernon's Ann.Civ.St. Based on such finding the Department suspended appellant's operator's Texas license.

After a trial *de novo* in the County Court at Law judgment was rendered affirming the Department's order, hence this appeal.

It is undisputed that at approximately 3:30 o'clock A.M. on February 22, 1964 while appellant was driving in the Village of Addison, DuPage County, State of Illinois he drove his car against and into a parked automobile. He was arrested and taken to the police station in Addison. He avoided being put in jail by posting a cash bond of $200. His trial in Illinois was set for March 5, 1964.

A copy of the traffic ticket issued to appellant and signed by the arresting officer was introduced into evidence by appellant himself as Plaintiff's Exhibit No. 2. It is styled "ILLINOIS UNIFORM TRAFFIC TICKET AND COMPLAINT". It bears the printed heading, "IN POLICE MAGISTRATE'S COURT OF ADDISON". It charges appellant with violating "Sec. 62–58, Sec. 13–66" and there is a checkmark in the space designated "LOCAL ORDINANCE". However, across the front of the ticket is also written the charge, "DRIVING UNDER THE INFLUENCE OF INTOXICATING LIQUOR," and the ticket directs appellant to report on March 5 to the Circuit Court. Below the arresting officer's signature is this recitation: "You are notified that the officer whose signature appears below will file a sworn complaint in this court charging you with the offense set forth above."

Concerning the charges against him in Illinois appellant testified as follows:

"Q. Do you know what you were charged with when you were arrested?

"A. Yes.

"Q. What was it?

"A. Two things. One, of a local ordinance, which I am not familiar with, and then the driving while under influence—

"Q. Driving while under the influence of intoxicating alcoholic beverages or liquor?

"A. Yes."

Two days after his arrest in Illinois appellant on advice of an adjuster for his insurance carrier returned to Addison to discuss matters with the officials. Concerning his conference appellant testified as follows:

"Q. What did you and the Judge and the Chief of Police talk about?

"A. We talked about this ticket. I wanted to know—I was going through town on business and it was going to be almost impossible for me to be there in March."

*    *    *    *    *    *

"Q. All right. What were you informed? What were you told?

"A. I was told that it would be impossible to move the date up, but that if I would forfeit my bond why that would settle it as far as they were concerned."

*    *    *    *    *    *

"Q. And you discussed these two cases with the Judge and the Chief of Police in the jail house or the Court. Is that it?

"A. Yes, at the police station. At Addison."

\* \* \* \* \* \*

"Q. Was it generally stipulated and agreed to by you and the Chief of Police and the Judge that you could post the bond and have the bond forfeited and be on your way? Is that correct?

"A. Yes.

"Q. And you would not have to come back on March 5th?

"A. Yes, sir."

Appellant thereupon agreed to forfeit and did forfeit his $200 cash bond. Appellant testified that this forfeiture applied to and included a charge against him of driving while under the influence of intoxicating liquor. We again quote part of his testimony:

"Q. I'm not talking about the traffic ticket, Mr. Jones. I am not speaking in connection with the traffic ticket now. You testified previously that you were arrested for the offense of driving while under the influence of intoxicating alcoholic beverages, did you not?

"A. Yes, sir.

"Q. And that you posted a bond in connection with that offense; that you were charged with that offense, did you not?

"A. Yes."

\* \* \* \* \* \*

"Q. Well, you were arrested for driving while under the influence of intoxicating liquor or alcoholic beverages in DuPage County, Illinois, were you not?

"A. Yes.

"Q. All right. And you were so charged in the Circuit Court of DuPage County with such an offense, were you not?

"A. Yes.

"Q. And you agreed to the payment or the forfeiture of a cash bond to be forfeited in connection with that offense in that Circuit Court of DuPage County, Illinois, did you not?

"A. Yes.

"Q. All right. And you paid the two hundred dollars cash, yourself?

"A. Yes.

"Q. In connection with that offense?

"A. Yes.

"Q. You do not dispute the fact that that cash bond was forfeited in the Circuit Court of Illinois. Is that correct?

"A. No, I don't dispute that."

Appellee introduced into evidence copies of the Illinois Motor Vehicle Law. Sections 6–201, 202(b) Ill.Rev.Stat.1963, c. 95½, §§ 6–201, 6–202(b) of the law give the Secretary of State of the State of Illinois the authority to cancel the privilege of a nonresident of driving a motor vehicle in Illinois upon receiving a report of the conviction in Illinois of any offense under the laws of the state relating to the operation of motor vehicles.

Section 6–204 subd. 2 of the Illinois Law provides "Whenever any person is convicted of any offense under this Act or the Uniform Act Regulating Traffic on Highways or similar offenses under a municipal ordinance \* \* \*" the clerk of the court within three days shall forward a report of said conviction to the Secretary of State, and may recommend cancellation or suspension of the operator's license.

Section 6–204 of the Illinois Law provides that "a forfeiture of bail \* \* \* to secure a defendant's appearance in court \* \* \* shall be equivalent to a conviction." (This is similar to our Texas statute, Art. 6687b, Sec. 25(c), V.A.C.S.)

Sections 47(a) and (c) of the Illinois Law provide that it is unlawful for any person to drive a vehicle while under the influence of intoxicating liquor, and upon conviction such person may be fined or imprisoned.

Appellant denied that he was intoxicated on the occasion in question but testified that he knew of his conviction in the Circuit Court in Illinois and that he had made no attempt to appeal from the judgment of conviction. We again quote part of his testimony:

"Q. You did receive notice that the conviction was entered on March 5, 1964, in that case, did you not?

"A. Yes.

"Q. You're really not appealing that conviction back in DuPage County, Illinois, the criminal conviction?

"A. No.

"Q. You don't dispute the fact there is a judgment of record in that Court of your conviction, do you?

"A. No, sir."

\*     \*     \*     \*     \*     \*

"Q. That judgment of your conviction in the Circuit Court of DuPage County, Illinois has never been set aside or appealed to your knowledge, has it?

"A. No."

\*     \*     \*     \*     \*     \*

"Q. Did you receive a Notice from the State of Illinois in regard to a suspension of your license or driving license in Illinois?

"A. Yes.

"Q. All right. Was that based upon this conviction in the Circuit Court of DuPage County, Illinois?

"A. Yes, as I understand it, sir."

W. D. Vickers, an officer with the Dallas office of the Texas Department of Public Safety testified that he is a custodian of records of criminal charges pertaining to the drivers license law. He identified and offered in evidence as Defendant's Exhibit No. 8 without objection a document duly certified, pursuant to authority of Art. 3731a and Art. 6701h, Sec. 3, V.A.C.S., by Ray Sundy, a deputy custodian of driver records of the Driver and Vehicle Records Division of the Texas Department of Public Safety at Austin, Texas. Sundy certified to notices of conviction and actions taken by the Department as follows:

"3-05-64   Convicted for driving while under the influence of intoxicants in the Circuit Court, Addison, Illinois, Docket No. J520–7963–3118, offense date February 22, 1964.

4-10-64   Non-resident driving privilege of Samuel Roy Jones revoked by the Office of the Secretary of State, of the State of Illinois as a result of conviction dated March 5, 1964.

5-13-64   Affirmative finding by the Judge of the Corporation Court, Dallas, Dallas County, Texas as provided in Section 22, Article 6687b, committed an offense in another state, which if committed in this state would be grounds for suspension or revocation. (driving while intoxicated)

6-03-64   Texas Operator License #5437791 was suspended for a period of six (6) months by the Texas Department of Public Safety as authorized in affirmative finding of May 13, 1964."

———◆———

Over appellant's objection a copy of a document entitled "Order of Revocation," an official record of the Texas Department, was admitted in evidence as Defendant's

Exhibit No. 1. This instrument recites that pursuant to the requirements of Section 6–204 of the Illinois Motor Vehicle Law and by authority of Section 6–205(a), par. 2 of the law a report had been received in the Secretary's office of appellant's conviction on March 5, 1964 of the offense of operating a motor vehicle while under the influence of intoxicating liquor; and that appellant's privilege of operating a vehicle in Illinois had been revoked. This copy shows the original to have been signed by the Secretary of State of the State of Illinois.

The trial judge in the Texas County Court at Law filed findings of fact and conclusions of law. The court found *inter alia* that appellant had been convicted on March 5, 1964 in the Circuit Court of Du-Page County, Illinois of the offense of driving while under the influence of intoxicating liquor, and that he knew of said conviction but he had made no attempt to set aside or appeal said conviction. The court concluded that the suspension of appellant's Texas operator's license was authorized by Sections 22(b), par. 7 and 28 of Art. 6687b, V.A.C.S.

### OPINION

In his first point on appeal appellant asserts that the purported judgment of conviction is void since it was rendered by a court which lacked jurisdiction, namely, the Magistrate's Court of the Village of Addison, Illinois, and was based on an unsworn complaint.

The point is without merit. There is ample evidence to support the court's finding that appellant was convicted in the Circuit Court of DuPage County, Illinois. The record contains documentary evidence to that effect. And appellant's own testimony, part of which we have quoted, supports the court's finding.

A careful study of the record as a whole discloses that in some particulars appellant's testimony is inconsistent and even contradictory. The rule is that incon-sistencies and contradictions in the testimony of a party to a suit present issues of fact which are to be decided by the jury, or by the judge in a nonjury trial. Western Union Tel. Co. v. Coker, 146 Tex. 190, 204 S.W.2d 977; United States Fidelity & Guaranty Co. v. McCollum, Tex.Civ.App., 70 S.W.2d 751, 753; Overton Refining Co. v. Harmon, Tex.Civ.App., 81 S.W.2d 207, 210 (Rev. on other grounds 109 S.W.2d 457); Hatley v. Hatcher, Tex.Civ.App., 376 S.W. 2d 943; M-K-T RR. Co. v. Shelton, Tex. Civ.App., 383 S.W.2d 842, 848; 41B Tex. Jur. 489; 24 Tex.Jur.2d 369. Here the trial court resolved these contradictions in appellant's testimony adversely to appellant's present contentions, and said findings are binding on this court.

There is no doubt that the Circuit Court in Illinois has jurisdiction of cases involving the charge of driving a vehicle while under the influence of intoxicating liquor. Appellant without objection offered the opinion of the Illinois Appellate Court and asked the Texas court to take judicial notice of the holding in the case of City of Champaign v. Hill, 29 Ill.App.2d 429, 173 N.E.2d 839 wherein it is held that a municipal magistrate's court does not have jurisdiction to try such cases. But appellant apparently overlooked that part of the opinion on Page 845 which expressly holds that the Circuit Court does have such jurisdiction.

Appellant refers to the traffic ticket issued to him as an unsworn complaint which cannot support a conviction of driving while under the influence of intoxicating liquor. The traffic ticket does not purport to be the complaint upon which conviction was based in the Circuit Court. It expressly informs appellant that the officer whose signature appears below will file a sworn complaint. This recitation precedes the notice to appellant to appear in Circuit Court on March 5, 1964.

Since there is ample evidence that appellant was convicted in the Circuit Court of DuPage County, a court of competent juris-

diction, we must presume that the judicial proceedings leading up to the judgment of conviction in the Circuit Court are valid. See McCormick & Ray, "Texas Law of Evidence," Vol. 1, pp. 128–130 and cases there cited. This presumption will include the filing of a proper complaint in the Circuit Court. Appellant's first point on appeal is overruled.

In his second point appellant says that there is no evidence to sustain the trial court's finding No. VII that he was convicted by an Illinois court of driving while under the influence of intoxicating liquor; and in his third point that such finding is so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust. The evidence, some of which we have quoted or summarized, clearly supports the court's challenged finding. Appellant's second and third points are overruled.

■ In his fourth point appellant complains of the admitting into evidence of Defendant's Exhibit No. 6, the purported Illinois court record, because it is hearsay and unauthenticated.

The front of this exhibit appears to be substantially the same as Plaintiff's Exhibit No. 2, heretofore discussed in this opinion. It is the reverse side of Exhibit No. 6 to which appellant objects. This purports to be an abstract of a court record of an unnamed person who was found guilty of violating Sections 62–58 and 13–66 of a "Local Ordinance" and fined "$195.00 + 5.00." It is unauthenticated. It does not name the court. There is no evidence as to what the mysterious Sections 62–58 and 13–66 may be. In our opinion the document should not have been admitted into evidence. However, there is other evidence that amply supports the finding that appellant was convicted in the Circuit Court of the offense of driving while under the influence of intoxicating liquor, so the error in admitting Exhibit No. 6 is harmless. Rule 434, Texas Rules of Civil Procedure.

For that reason appellant's fourth point is overruled.

■ Appellant next alleges error of the trial court in admitting into evidence Defendant's Exhibit No. 1, the purported Illinois "Order of Revocation". Appellant says that the exhibit is hearsay and irrelevant to the Texas proceeding.

We do not agree with appellant. Appellee had previously given notice to appellant to produce the original of the document or secondary evidence would be offered of its contents. At the trial appellant himself testified that he had received the original of the exhibit but did not have it with him. He then identified the offered exhibit and it was admitted into evidence. In our opinion it was not error under the circumstances to do so. Appellant's fifth point is overruled.

The judgment of the trial court is affirmed.

Affirmed.