**L. W. BAKER, Appellant,**

v.

**Jack ,BROWN et al., Appellees.**

**No. 7797.**

Court of Civil Appeals of Texas.

Amarillo.

March 25, 1968.

**146**

Huffaker & Green, Tahoka, Harold Green, Tahoka, of counsel, for appellant.

Splawn & Maner, Lubbock, Don Reed, Lubbock, of counsel, for appellees.

CHAPMAN, Justice.

This is a venue case.

Suit was filed in Lubbock County by Jack Brown, individually and as next friend of his minor child, Selena Romona Brown, against L. W. Baker of Dawson County. Brown was a residence tenant of L. W. Baker and suit was for personal injuries suffered by the child on the rented premises. Allegations asserted that a brick wall was attached to the front of the residence; that such wall "was in a bad repair" due to a loosened and deteriorated condition of the mortar; that Mr. Baker knew of the deteriorated and dangerous condition of the wall; that he owed a duty to his tenant to correct the condition; that although he had a reasonable time to make the correction he negligently failed to do so; and that his minor daughter was injured when a portion of the wall fell on her.

Appellant filed his plea of privilege to be sued in the county of his residence, which was timely controverted with allegations that Exception 9a of Art. 1995 entitled him to trial in the county where the act or omission of negligence occurred, his residence county of Lubbock. After a hearing on the deposition testimony, together with the pleadings, the plea of privilege was overruled. Appeal is properly perfected.

 The dominant purpose of Art. 1995 is to give the person sued the right to defend such suit in the county of his residence except under well-defined exceptions. A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939); Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062 (1938); Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233 (1941); City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W. 2d 466 (1943).

 When venue is properly challenged by one sued out of the county of his residence, the burden to allege and prove one of the exceptions is upon the plaintiff. Compton v. Elliott, 126 Tex. 232, 88 S.W.

2d 91 (Tex.1935) and cases cited under Syllabus I.

"The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception of article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition." Compton v. Elliott, supra.

Here, Mr. Brown sued Mr. Baker upon the allegations related in paragraph 2 above. He invoked Exception 9a. This placed upon him the burden of proving by a preponderance of the evidence:

"1. That an act or omission of negligence occurred in the county where suit was filed.

2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

3. That such negligence was a proximate cause of plaintiff's injuries."

This is true because the venue facts which a plaintiff desiring to sue a defendant outside the county of his residence must allege and prove, if defendant's privilege to be sued in the county of his residence is asserted, are those which are stated in the particular exception that is appropriate to the character of suit alleged by the plaintiff. Compton v. Elliott, supra.

The character of the suit alleged here is that Mr. Baker knew of the deteriorated and dangerous condition of the wall annexed to the residence, that he owed the duty to plaintiff to correct it, and that although he had a reasonable time to make the correction he negligently failed to do so and such failure proximately resulted in the injuries to his minor child.

Appellee's testimony is contradictory in that he testified on several occasions in the deposition that his agreement with Mr.

Baker when he rented the house was that for the $75.00 a month rent, he, Mr. Brown, was supposed to take care of the repairs. He would then qualify such statement with the explanation that it was his understanding that he would repair, fix or replace anything he damaged.

"* * * inconsistencies and contradictions in the testimony of a party to a suit present issues of fact which are to be decided by * * * the judge in a non-jury trial." Jones v. Texas Department of Public Safety, 392 S.W.2d 176, 180 (Tex. Civ.App.–Dallas, 1965, no writ) and cases there cited on the point. Therefore, we believe the trial court had the prerogative to believe the testimony most favorable to the plaintiff. It is material to note, however, that he never at any time testified, nor is there any other testimony to the effect that there was an express agreement that the landlord was obligated to make repairs to the place occupied by the tenant. In the absence of such express agreement by the landlord to repair the demised premises (if he is not guilty of fraud or concealment by failing to disclose hidden defects of which he had knowledge), the tenant takes the risk of the safety of himself or any other person entering under his title or by his invitation for injury caused by reason of any unsafe conditions of the premises. Yarbrough v. Booher, 141 Tex. 420, 174 S.W.2d 47 (1943) and cases cited under Syllabus I; Potter v. Southwestern Associated Telephone Co., 248 S.W.2d 286 (Tex.Civ.App.–Galveston, 1952, writ ref'd, n. r. e.); City of Fort Worth v. Barlow, 313 S.W.2d 906 (Tex.Civ.App.–Fort Worth, 1958, writ ref'd, n. r. e.); Harbison v. Jeffreys, 353 S.W.2d 65 (Tex.Civ.App.–El Paso, 1961, n. w. h.); Flynn v. Pan American Hotel Co., 183 S.W.2d 446 (Tex.1944).

There is not any pleading nor probative evidence of an express agreement between the parties that Mr. Baker would make repairs to the premises while Mr. Brown was the tenant; nor is there any testimony of a hidden defect nor fraudulent concealment of a hidden defect. Appel-

lant testified that so far as he knew the fence was in perfect shape. Appellee testified to the defects he had observed and even testified he told appellant's son of such defects. If Mr. Baker's testimony is disregarded, which the trial judge had a right to do, and only Mr. Brown's testimony believed, the record still does not show fraudulent concealment by failing to disclose hidden defects. If the tenant knew of the defects so as to be able to tell appellant's son about them, they were not hidden nor concealed. Under the authority of the cases cited in the preceding paragraph appellee failed to sustain the burden required in order to deny appellant the right to trial in the county of his residence.

The judgment of the trial court is reversed. The clerk of the court will transfer the case to the district court of Dawson County for trial.