Ora Lee **WILLIAMS**, Appellant,

v.

Hubert **HOLMAN** et ux., Appellees.

No. 8304.

Court of Civil Appeals of Texas,
Texarkana.

July 1, 1975.

Fred L. Nix, Longview, for appellant.

Phenix & Freeman, Henderson, for appellees.

RAY, Justice.

This is a venue case. Ora Lee Williams, appellant (plaintiff) brought suit against appellees (defendants) Hubert Holman and wife, Wilma Holman, seeking money damages for personal injuries which appellant received when the rear steps to the house which appellant was renting from appellees collapsed, causing appellant to fall. The house is located in Gregg County. The trial court sustained the plea of privilege in favor of the Holmans and ordered the case transferred to the District Court of Rusk County.

Appellant submits only one point of error for our consideration, which is as follows:

"The District Court erred in sustaining Appellees' Plea of Privilege when Plaintiff's pleadings and uncontroverted testimony show an act or omission of negligence occuring (sic) in the County in which suit was brought."

The only testimony offered at the plea of privilege hearing was that of the appellant. She stated that appellees promised and assured her that the steps would be repaired. There is no written lease or contract involved in this case.

■ Appellant, in order to maintain her suit in Gregg County, had the burden to plead and prove a prima facie case of negligence under exception 9a of Article 1995, Tex.Rev.Civ.Stat.Ann. which would entitle her to a trial in the county where the act or omission of negligence occurred. *Baker v. Brown*, 428 S.W.2d 145 (Tex.Civ.App., Amarillo 1968, no writ).

■ In order for appellant to have sustained her burden of proof to come within exception 9a, it was necessary for her to prove by a preponderance of the evidence:

1. That a contract or agreement existed between the landlord and the tenant which imposed a duty upon the landlord to repair the premises;

2. That the landlord negligently breached his duty to keep the premises in repair in the county where the suit was filed; and

3. That such negligence was a proximate cause of plaintiff's injuries.

4. That plaintiff was damaged as a result of her injuries.

■ Whether appellant was contributorily negligent or not, is not an element to be considered in determining venue. 60 Tex. Jur.2d, Venue, Secs. 200 and 217. Further, contributory negligence is no longer an absolute bar to recovery as it once was. Article 2212a, Tex.Rev.Civ.Stat.Ann. (see Article 5236, Tex.Rev.Civ.Stat.Ann. et seq., for rights of landlords and tenants.)

■ Texas had adopted as its rule of law the Restatement of the Law, Torts 2d, Sec. 357 (1965). *Harvey v. Seale*, 362 S.W.2d 310 (Tex.1962). Sec. 357 provides of the following:

"Where Lessor Contracts to Repair

A lessor of land is subject to liability for physical harm caused to his lessee and others upon the land with the consent of the lessee or his sublessee by a condition of disrepair existing before or arising after the lessee has taken possession if

(a) the lessor, as such, has contracted by a covenant in the lease or otherwise to keep the land in repair, and

(b) the disrepair creates an unreasonable risk to persons upon the land which the performance of the lessor's agreement would have prevented, and

(c) the lessor fails to exercise reasonable care to perform his contract."

Section 357, supra, is an exception to the general rules of nonliability of the lessor stated in Secs. 355 and 356 of the Restatement of the Law, Torts 2d. It is pointed out in the comment to Sec. 357, that, "The reasons which justify the exception, and which have led the American Law Institute to approve a minority position, rest upon a combination of the following considerations:

1. The lessor's contractual undertaking, *for consideration*, to repair the premises or to keep them in repair. The rule stated in this Section therefore has no application where the lessor does not contract to repair, but merely reserves the privilege to enter and make repairs if he sees fit to do so. Likewise the rule has no application where there is no contractual obligation, but merely a gratuitous promise to repair, made after the lessee has entered into possession. The contract need not, however, be a covenant or other term of the lease, and it is sufficient if it is made by the lessor, as such, after possession is transferred."

■ The question of whether or not there was consideration for the agreement by the landlord to repair the steps, is material to whether there was in fact a contract. *Perez v. Raybaud*, 76 Tex. 191, 13 S.W. 177 (1890), *Mark v. Belrose Corporation*, 367 S.W.2d 368 (Tex.Civ.App., Waco 1963, no writ).

■ Since the only evidence in this case was the testimony of an interested witness, the appellant, such testimony, though uncontradicted, only presented issues of fact to be determined by the trier of facts, in this case, the trial judge. The trial court had the prerogative to believe or not to believe the testimony of the appellant. *Pope v. Beauchamp*, 110 Tex. 271, 219 S.W. 447 (Tex.1920).

Appellant testified that she had agreed to pay $14.00 per week as rent for the use and occupancy of the house where she fell. The pertinent testimony relative to whether or not there was a contract by appellees to repair the steps is as follows:

"Q. And they did promise and assure you that the steps would be repaired before you ever rented the house. Is this right?

A. They did.

Q. Did you have any contact with the Holmans after you rented the house?

A. Yes, sir.

Q. What was the contact?

A. They came over and they said that they had been so busy they hadn't been over there to fix the house. But she assured me, her and her husband, that he would get over and fix the house.

Q. Were the steps ever repaired?

A. No, sir."

When appellees' counsel asked appellant about the condition of the steps, the appellant responded as follows:

"A. I didn't know they was rotten as bad as they was, but I knew that they were dan——you know what I mean. I knew that they wasn't good steps. And he promised me, Mr. Holman and his wife, assured me that they would be fixed that week.

Q. All right. They promised you after you moved in?

A. No, sir, they promised me when I was renting the house—they would be fixed that week. They told me to go ahead and move on in and they would be fixed."

Appellant moved into the house on June 6, 1974. The steps collapsed under appellant on August 8, 1974.

■ Whether there was consideration for appellees' agreement to repair the steps,

was a fact question. From the evidence, we cannot say as a matter of law that consideration existed for appellees' promise to repair the steps, if the trial court in fact believed that appellees had made such a promise. The evidence does not establish as a matter of law that appellees contracted to undertake the repair of the steps for a consideration. The burden of proof was upon appellant to establish by a preponderance of the evidence that appellees had contracted, for a consideration, to repair the premises as distinguished from a gratuitous promise to repair or a reservation of the privilege to enter upon the premises and make repairs as the landlord might see fit to do.

The appellant failed in her burden of proof to establish her right to trial in Gregg County. The judgment of the trial court transferring the cause to Rusk County is affirmed.