Dr. Arnulfo R. GARZA–VALE and
Francine Garza–Vale, Appellants,

v.

Roswitha KWIECIEN, Individually and
as Personal Representative and Heir of
the Estate of Mario Joaquim Gonzales,
Appellees.

No. 04–89–00296–CV.

Court of Appeals of Texas,
San Antonio.

July 25, 1990.
Rehearing Denied Sept. 10, 1990.

Thomas Crofts, Jr., Ruth E. Greenfield, Groce, Locke & Hebdon, San Antonio, for appellants.

Daniel R. Rutherford, San Antonio, John Bevil, Law Office of John Bevil, New Braunfels, Catherine M. Stone, Watkins & Brock, San Antonio, for appellees.

Before BUTTS, CHAPA and CARR, JJ.

## OPINION

CARR, Justice.

This is an appeal from a judgment entered on a jury verdict in a wrongful death and survival action. Appellee, Roswitha Kwiecien, acting individually and as personal representative and heir of the estate of Mario J. Gonzales,[1] brought suit against appellants, Arnulfo Rolando Garza–Vale and Francine Garza–Vale, seeking to recover damages arising from the death of their adult son, Mario J. Gonzales, who died of smoke inhalation during a fire in a duplex apartment owned and leased by appellants to Matthew Tessier. Appellees alleged, among other things,[2] that Gonzales's death was caused by appellants' negligence in failing to install a smoke detector in the duplex apartment and in failing to repair the floor furnace. The case was submitted to the jury on a single common law negligence issue and the trial court entered judgment in accordance with the jury's ver-

dict, awarding $500,000.00 to Roswitha Kwiecien individually and $100,000.00 to Gonzales's estate.

The issues this appeal presents are:

1. with regard to the absence of a smoke detector, can appellants be held liable by appellee on a theory of common-law negligence in view of the Texas Smoke Detectors Statute (TEX.PROP.CODE ANN. §§ 92.251–92.262 (Vernon 1984));

2. whether, without notice of its unsafe condition, appellants had a duty to repair their tenant's floor furnace; and

3. whether the Texas Smoke Detectors Statute is constitutional.

We answer the first two issues in the negative and the third issue in the affirmative.

Appellants argue that the Texas Smoke Detectors Statute provides the exclusive remedy for the absence of a smoke detector and therefore the jury's negligence finding, which does not embrace the statutory scheme, is legally insufficient to support a judgment in favor of appellees based upon the absence of a smoke detector; that absent any notice by tenant Tessier to appellants of a specified unsafe condition at the rental premises in need of repair, appellants, as landlords, were under no duty to make such repairs; and that the Texas Smoke Detectors Statute is constitutional. Appellees argue the opposite in response to each of appellants' contentions. We agree with appellants' contentions and reverse and render.

The evidence in the record is undisputed that:

1. Gonzales was a guest of tenant Tessier at the time of the fire;

2. Gonzales died of smoke inhalation;

3. a smoke detector was never installed by appellants in the apartment unit leased by appellants to Tessier;

4. Tessier never requested that appellants install a smoke detector in the

---

1. "Appellees" will be used to refer to Roswitha Kwiecien in her two capacities throughout this opinion.

2. The trial court sustained the appellants' motion for directed verdict on appellees' non-negligence theories of alleged DTPA and warranty violations.

apartment unit nor gave appellants written notice that he may exercise his remedies as required by TEX. PROP.CODE ANN. §§ 92.259, 92.260 (Vernon 1984); and,

5. Tessier never gave appellants notice which "specifies the condition" to be repaired as required by TEX.PROP. CODE ANN. § 92.052 (Vernon 1984).

The claim or cause of action of appellee Roswitha Kwiecien, individually, is derivative in two respects. First, as a wrongful death beneficiary, she can recover from appellants only if her decedent, Gonzales, could have recovered from them. *See Delesma v. City of Dallas,* 770 F.2d 1334, 1338 n. 8 (5th Cir.1985); *Davenport v. Phillip Morris, Inc.,* 761 S.W.2d 70, 71 (Tex.App.—Houston [14th Dist.] 1988, no writ); TEX.CIV.PRAC. & REM.CODE ANN. § 71.003(a) (Vernon 1986). Any defense which would have defeated Gonzales's cause of action likewise defeats that of Kwiecien. *See Delesma,* 770 F.2d at 1338 n. 8; *Davenport,* 761 S.W.2d at 71. Second, any right Gonzales had to recover against the appellants could be no greater than that of the tenant, Tessier, because Gonzales was a licensee entering under Tessier's title. *See Goldstein Hat Mfg. Co. v. Cowen,* 136 S.W.2d 867, 873 (Tex.Civ. App.—Dallas 1939, writ dism'd judgmt cor.); *Jackson v. Amador,* 75 S.W.2d 892, 893 (Tex.Civ.App.—Eastland 1934, writ dism'd). As a result, the question becomes, to what extent, if any, could Tessier have recovered from appellants?

*Common Law Concerning Landlord Liability*

As a matter of Texas common law, the relationship of landlord and tenant does not create a duty on the landlord to repair the leased premises or to keep them safe. *Morton v. Burton–Lingo Co.,* 136 Tex. 263, 150 S.W.2d 239, 240–41 (Tex.Comm'n App.1941); *Waldon v. Williams,* 760 S.W.2d 833, 834 (Tex.App.—Austin 1988, no writ). Absent certain exceptions, this common-law rule operated to preclude landlord liability for personal injury to a tenant or a tenant's guests resulting from a dangerous condition that existed when the lessee took possession. *See Flynn v. Pan American Hotel Co.,* 143 Tex. 219, 183 S.W.2d 446, 448–49 (1944).

Texas courts have followed the expression of this principle and its exceptions in RESTATEMENT (SECOND) OF TORTS §§ 355–362 (1965). *See generally Parker v. Highland Park, Inc.,* 565 S.W.2d 512, 513 (Tex.1978); *Prestwood v. Taylor,* 728 S.W.2d 455, 460 (Tex.App.—Austin 1987, writ ref'd n.r.e.); *Williams v. Holman,* 524 S.W.2d 809, 810 (Tex.Civ.App.—Texarkana 1975, no writ). RESTATEMENT (SECOND) OF TORTS § 356 (1965) provides:

Except as stated in §§ 357–362,[3] a lessor of land is not liable to his lessee or to others on the land for physical harm caused by any dangerous condition, whether natural or artificial, which existed when the lessee took possession.

In 1978, the Texas Supreme Court first recognized an implied warranty of habitability in residential leases. *Kamarath v. Bennett,* 568 S.W.2d 658, 660–61 (Tex. 1978). The court said in *Kamarath* that the implied warranty of habitability means "that at the inception of the rental lease there are no latent defects in the facilities that are vital to the use of the premises for residential purposes and that these essential facilities will remain in a condition which makes the property livable." *Id.* at 661. Within a year following the *Kamarath* decision, the legislature superseded *Kamarath* by "enacting article 5236f[4] which both created a limited landlord's

---

**3.** The situations excepted from section 356 are: "Where Lessor Contracts to Repair" (§ 357); "Land Leased for Purpose Involving Admission of Public" (§ 359); "Parts of Land Retained in Lessor's Control Which Lessee is Entitled to Use" (§ 360); "Parts of Land Retained in Lessor's Control but Necessary to Safe Use of Part Leased" (§ 361); and "Negligent Repairs by Lessor" (§ 362).

**4.** Act of June 13, 1979, ch. 780, 1979 Tex.Gen. Laws 1978, *repealed by* Texas Property Code, ch. 576, § 6, 1983 Tex.Gen.Laws 3475, 3729. This statute is now codified as TEX.PROP.CODE ANN. § 92.052 (Vernon 1984).

duty to repair and abrogated the *Kamarath* implied warranty." McSwain and Butler, *The Landlord's Statutory Duty to Repair—Article 5236f: The Legislative Response to Kamarath v. Bennett*, 32 BAYLOR L.REV. 1, 1 (1980).

Although there does not appear to be a Texas decision applying these principles to the absence of a smoke detector, courts in other jurisdictions have directly held that a landlord has no common-law duty to provide smoke detectors. *See State v. White*, 204 Conn. 410, 528 A.2d 811, 820 (1987); *Webster v. Heim*, 80 Ill.App.3d 315, 35 Ill. Dec. 624, 399 N.E.2d 690, 691–92 (1980); *McIntosh v. Moscrip*, 138 A.D.2d 781, 525 N.Y.S.2d 420, 421 (1988).

Except for the limited applicability of Restatement §§ 357–362 and the implied warranty of habitability in *Kamarath*, Texas prestatutory common law was that "a lessor's liability for dangerous conditions on the premises terminates with such a transfer of possession to the lessee." *See Prestwood*, 728 S.W.2d at 460. Neither a common-law exception nor the habitability warranty is factually pertinent to this case. More importantly, the legislature has preempted the entire field with enactments that establish the exclusive landlord duty with regard to repair in general and the installation of smoke detectors in particular. *See* TEX.PROP.CODE ANN. ch. 92 (Vernon 1984). This legislation expressly governs appellants' liability claim in this instance.

### *Landlord's Duty to Repair*

As previously stated, in 1979, the legislature enacted what is now TEX.PROP. CODE ANN. § 92.052 (Vernon 1984), which provides in pertinent part:

(a) A landlord shall make a diligent effort to repair or remedy a condition *if:*

(1) the tenant specified the condition in a notice to the person to whom or to the place where rent is normally paid;

(2) the tenant is not delinquent in the payment of rent at the time notice is given; and

(3) the condition materially affects the physical health or safety of an ordinary tenant.

(b) Unless the condition was caused by normal wear and tear, the landlord does not have a duty during the lease term or a renewal or extension to repair or remedy a condition caused by:

(1) the tenant;

(2) a lawful occupant in the tenant's dwelling;

(3) a member of the tenant's family; or

(4) a guest of the tenant.[5]

(Emphasis added.)

While there is evidence in the record that prior to the fire, a section of the furnace flue was disconnected beneath the rental unit living room floor, the evidence is undisputed that appellants never knew or received any notice of such condition. We hold that without such prior notice, appellants cannot be held liable. *See* TEX. PROP.CODE ANN. § 92.052(a) (Vernon 1984).

### *The Texas Smoke Detector Statute*

In 1981, Texas, for the first time, enacted a statute requiring landlords to install smoke detectors in certain premises. Act of June 16, 1981, ch. 749, 1981 Tex.Gen. Laws 2742, *repealed by* Texas Property Code, ch. 576, § 6, 1983 Tex.Gen.Laws 3475, 3729. This statute is now codified as TEX.PROP.CODE ANN. §§ 92.251–92.262 (Vernon 1984). The Texas Smoke Detector Statute, as it is referred to, imposes a duty on a landlord to install, inspect and repair smoke detectors by providing, with certain exceptions not pertinent to this appeal, that:

(a) Before the first tenant takes possession of a dwelling unit, the landlord shall install at least one smoke detector outside, but in the vicinity of each separate bedroom in the dwelling unit....

---

**5.** Subsection (b) was changed by Act of June 14, 1989, ch. 650, § 3, 1989 Tex.Gen.Laws 2142, 2144, to include conditions caused by "a lawful occupant in the tenant's dwelling." This was the only change to the subsection and it is impertinent to this appeal.

**504**

TEX.PROP.CODE ANN. § 92.255 (Vernon 1984). The landlord liability provision provides, in pertinent part, that:

(a) A landlord is liable according to this subchapter *if*:

(1) after the tenant *requested* the landlord to install, inspect, or repair a smoke detector in the tenant's dwelling unit as required by this subchapter, the landlord did not install the smoke detector or inspect or repair the smoke detector within a reasonable time after the tenant's notice of malfunction or request for repair, considering the availability of materials, labor, and utilities; *and*

(2) the landlord does not install, inspect, or repair the smoke detector on or before the seventh day after the date the tenant gives the landlord *written notice* that the tenant may exercise his remedies under this subchapter if the landlord does not comply with the request within seven days.

(Emphasis added.) TEX.PROP.CODE ANN. § 92.259(a) (Vernon 1984). The tenants remedy provision, TEX.PROP.CODE ANN. § 92.260 (Vernon 1984), provides that:

A tenant of a landlord who is liable under Section 92.259 may obtain or exercise one or more of the following remedies:

(1) a court order directing the landlord to comply with the tenant's request;

(2) a judgment against the landlord for damages suffered by the tenant because of the landlord's violation;

(3) a judgment against the landlord for one month's rent plus $100;

(4) a judgment against the landlord for court costs and attorney's fees; and

(5) unilateral termination of the lease without a court proceeding.

■ Here the evidence is undisputed that tenant Tessier never gave appellants a section 92.259(a)(1) request or section 92.-259(a)(2) notice. The request and notice provisions of section 92.259(a) are conditions precedent to landlord liability for failure to install a smoke detector. We hold that without evidence of compliance with these statutory requirements, there is no basis of liability under the remedy provisions of section 92.260.

■ Regarding the application of other law, the Texas Smoke Detectors Statute provides, in pertinent part, that:

The duties of a landlord and the remedies of a tenant under this subchapter are *in lieu of* common law, other statutory law, and local ordinances regarding a residential landlord's duty to install, inspect, or repair a smoke detector in a dwelling unit.

(Emphasis added.) TEX.PROP.CODE ANN. § 92.252(a) (Vernon Supp.1990). BLACK'S LAW DICTIONARY 708 (5th ed. 1979) defines "in lieu of" as "instead of," "in place of," "in substitution." Therefore, with regard to the absence of a smoke detector, we hold that the trial court erred in rendering judgment on an inapplicable common law theory because the liability provisions of the Texas Property Code concerning smoke-detector liability provides an exclusive remedy and expressly preempts any common law basis of liability. *See* TEX.PROP.CODE ANN. § 92.252 (Vernon Supp.1990).

■ Appellees argue in their brief that appellants had a contractual duty by virtue of the lease agreement to install a smoke detector in the rental unit. This argument is without merit because the lease agreement merely incorporates the statutory scheme by reference in that "Paragraph Ten" of the lease provides that the appellants' duty to furnish a smoke detector is "as required by statute" and in that "Paragraph Fifteen" of the lease requires appellants to act with diligence to "remain in substantial compliance with applicable federal, state, and local laws regarding safety and sanitation."

In addition, appellants' argument that urges RESTATEMENT (SECOND) OF PROPERTY § 17.6 (1977) and RESTATEMENT (SECOND) OF TORTS §§ 285, 286, 288B (1965) as grounds of recovery is without merit because such reliance on the Restatements of Property and Torts only gives rise to common-law actions which do not apply here in view of TEX.PROP.

CODE ANN. § 92.252(a) (Vernon Supp. 1990). For the above reasons, we grant appellants' first point of error and need not address appellants' remaining points.

In her conditional cross-point, Kwiecien challenges the constitutionality of the smoke detector statute, claiming that it violates the open courts and equal protection provisions of the Texas Constitution and infringes upon her right to a jury trial.[6] The nature of the statute in question makes these claims groundless.

### Open Courts Provision and Due Process Clause Claims

The Texas Constitution protects due process rights in two separate provisions. *See Sax v. Votteler,* 648 S.W.2d 661, 664 (Tex. 1983). TEX. CONST. art. I, § 19 contains the traditional due process guarantee which corresponds to that found in the federal constitution; the due process protections afforded by the Texas and federal constitutions are the same. *See Lindsay v. Papageorgiou,* 751 S.W.2d 544, 550 (Tex. App.—Houston [1st Dist.] 1988, writ denied). The standard of review for a substantive due process constitutional challenge is:

> [i]f the laws passed are seen to have a reasonable relation to a proper legislative purpose, and are neither arbitrary nor discriminatory, the requirements of due process are satisfied....

*Nebbia v. New York,* 291 U.S. 502, 537, 54 S.Ct. 505, 516, 78 L.Ed. 940 (1934).

■ TEX. CONST. art. I, § 13, commonly referred to as the "open courts provision," prevents the legislature from unreasonably or arbitrarily restricting common-law causes of action. This state constitutional guarantee is a facet of the broader due process protection provided by TEX. CONST. art. I, § 19. *See Sax,* 648 S.W.2d at 664. In *Lucas v. United States,* 757 S.W.2d 687, 690 (Tex.1988), the supreme court reaffirmed the requirement that a litigant seeking relief under the open

courts provision must first demonstrate that she has a cognizable common-law cause of action. As a result, the open courts provision simply does not apply to a statute creating a cause of action which did not exist at common law. *See Castillo v. Hidalgo County Water District No. 1,* 771 S.W.2d 633, 636 (Tex.App.—Corpus Christi 1989, no writ). Because appellees' cause of action for failure to install a smoke detector can be maintained "only by virtue of statutory authority," appellee's challenge to the statute under the open courts provision must fail. *See id.*

■ Appellees argue that appellants' interpretation of the statute deprives them of pre-existing rights to bring their cause of action. This premise is without merit in view of the authority previously cited in this opinion which demonstrates that no such cause of action existed at common law. The fact that the statute precludes landlord liability in the absence of tenant compliance with the conditions precedent merely restricts the class of proper plaintiffs and deprives appellees of nothing. A review of the entire statutory scheme clearly demonstrates that the legislature properly balanced the goal of encouraging landlords to install smoke detectors with that of protecting Texas landlords from unlimited tort liability. Consequently, enforcing the statute as written and requiring plaintiff's to meet the burden of proof the statute imposes does not deny litigants due process.

### Right to Trial by Jury

■ TEX. CONST. art. I, § 15 guarantees civil litigants "the right to a trial by jury in those cases where a jury would have been proper at common law." *State v. Credit Bureau of Laredo, Inc.,* 530 S.W.2d 288, 291 (Tex.1975). The provision necessarily requires that a plaintiff have a ground of liability upon which a jury could render a verdict. The question in the instant case is not whether the trial court or

---

6. Although designated a cross-point, it is technically a reply point. The true function of cross-points is to present complaint about trial court action. *See Jackson v. Ewton,* 411 S.W.2d 715,

717 (Tex.1967). Since the trial court did not apply the statute, Kwiecien's conditional cross-point does nothing but assert ground for affirmance and, thus, is a reply point. *See id.*

a jury should decide the facts of the case; rather, the issue is whether appellees have a right to recover from appellants. Had the statutory requirements of TEX.PROP. CODE ANN. ch. 92 (Vernon 1984) been satisfied, thus giving appellees a cause of action upon which to sue the appellants, they would have been entitled to a jury trial of their case. Consequently, the Texas right to trial by jury simply is not infringed by application of the statute's conditions precedent.

### Texas Equal Protection Clause

Appellees' equal protection argument is without merit. Although they concede that the rational basis standard is applicable to their claim, they assert that any construction of the smoke detector statutes that eliminates their "rights in this lawsuit" would deny them equal protection because they would be treated differently from wrongful death claimants whose decedents had given the statutorily required notice.

This argument ignores the fact that a statute does not become unconstitutional "merely because it treats one class of plaintiffs differently from another, similarly situated class of plaintiffs." *Stout v. Grand Prairie Indep. School Dist.*, 733 S.W.2d 290, 295 (Tex.App.—Dallas 1987, writ ref'd n.r.e.), *cert. denied*, 485 U.S. 907, 108 S.Ct. 1082, 99 L.Ed.2d 241 (1988). Because the right to bring a statutory wrongful death action is not fundamental, the smoke detector statute is constitutional if there is a rational basis for the statutory classification. *See Parham v. Hughes*, 441 U.S. 347, 358 n. 12, 99 S.Ct. 1742, 1749 n. 12, 60 L.Ed.2d 269 (1979); *Sullivan v. Univ. Interscholastic League*, 616 S.W.2d 170, 172 (Tex.1981).

The test to be used when reviewing a statute differentiating between classes of plaintiffs has been described as follows:

> [i]f there could exist a state of facts justifying legislative classifications or restrictions, the reviewing court will assume its existence.

*Stout*, 733 S.W.2d at 295; *see also City of Humble v. Metropolitan Transit Auth.*, 636 S.W.2d 484, 488 (Tex.App.—Austin 1982, writ ref'd n.r.e.), *cert. denied*, 464 U.S. 802, 104 S.Ct. 47, 78 L.Ed.2d 68 (1983).

In enacting the smoke detector statute, the legislature was creating a cause of action against a landlord which was completely unknown at common law and which, if unrestricted, could have created unlimited liability for a landlord without an opportunity to cure. The use of conditions precedent to tenant recovery rationally and reasonably balances the objective of granting tenants a right of redress with that of protecting a landlord from unlimited liability. As a result, application of this statute to appellees does not violate the Texas equal protection clause.

For the reasons stated, we hold that chapter 92 of the Texas Property Code, as applied to this case, is constitutional. Appellees' conditional cross-point is overruled.

The judgment of the trial court is reversed. We render judgment that appellees take nothing by their suit.