**Vernice B. COLEMAN, Appellant,**

v.

**UNITED SAVINGS ASSOCIATION OF TEXAS, Appellee.**

**No. 2–92–023–CV.**

Court of Appeals of Texas, Fort Worth.

Jan. 12, 1993.

John T. Chidgey, Fort Worth, for appellant.

Fanning, Harper & Martinson, Sharis L. Hauder, Fetcher & Springer L.L.P., David M. Pruessner and John G. Browning, Dallas, for appellee.

Before HILL, FARRIS and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal from a summary judgment granted in favor of the appellee and defendant below, United Savings Association of Texas (United Savings), in a wrongful death and survival action brought by the appellant and plaintiff below, Vernice B. Coleman, as the beneficiary of her son Ronald W. Montgomery. Montgomery died as the result of a fire which occurred in his apartment while he was a tenant at the Forest Creek Apartments. United Savings was the owner, or landlord, of the Forest Creek Apartments during the term of Montgomery's lease.

In bringing this action, Coleman had originally only named United Financial Group, Inc. (United Financial) as defendant, but later amended her petition to add United Savings as a defendant. Summary judgment was granted in favor of United Financial on February 28, 1991, after which date Coleman proceeded to go to trial only against United Savings. In her first amended petition, Coleman alleged that Montgomery's death was caused by United Savings' negligence in failing to provide a functioning fire alarm, failing to maintain such fire alarm in working order, and failing to inspect such fire alarm to determine whether it was in working order. Coleman also alleged negligence per se based on a violation of the Fort Worth City Code and Fire Ordinance. Coleman later filed a second amended petition, after United Savings had filed its motion for summary judgment, to add a claim based upon a violation of TEX.PROP.CODE ANN. §§ 92.252–.262 (Vernon 1984 & Supp.1993) (hereinafter referred to as the Texas Smoke Detector Statute) for the failure to install, inspect, and repair a smoke detector.

We affirm the trial court's granting of United Savings' motion for summary judgment.

## Interrogatories

During pretrial discovery, Coleman sent two sets of interrogatories to United Savings. As the basis for her first point of error, Coleman avers that the trial court erred in granting summary judgment because United Savings never filed an answer to the interrogatories. We disagree and hold that the answers to the interrogatories were actually made on behalf of United Savings even though United Financial was identified as the answering party in the introductory paragraph of the answers to interrogatories. Consequently, the trial court did not err in granting summary judgment in favor of United Savings over Coleman's motion for continuance based on United Savings' alleged failure to answer the interrogatories.

Our conclusion that the answers to the interrogatories were made on behalf of United Savings is supported by the following: Coleman served the interrogatories on United Savings, not United Financial; United Financial was no longer a party to the lawsuit, a summary judgment having been granted in its favor, at the time the interrogatories were served on United Savings; the answers to the interrogatories were verified by a representative of United Savings, not United Financial; and both United Financial and United Savings were represented by the same attorney on the date the interrogatories were answered. Coleman's first point of error is overruled.

## Summary Judgment Evidence

In her third point of error, Coleman complains that the trial court erred by not sustaining her objections to United Savings' summary judgment evidence. To support its motion for summary judgment, United Savings offered the "Move-in Inventory and Condition Form" for Montgomery's apartment and the affidavits of Karen Sadowski and Sheree Weeks. We agree with Coleman that the "Move-in Inventory and Condition Form" and the affidavit of Sheree Weeks cannot support the summary judgment. However, we find that the affidavit of Karen Sadowski was properly con-

sidered by the trial court in support of the summary judgment.

 In regard to the "Move-in Inventory and Condition Form," United Savings did not even attempt to lay a foundational predicate under the rule 803(6) hearsay exception for the admissibility of business records. *See* TEX.R.CIV.EVID. 803(6). As such, this document cannot be summary judgment proof. *See Norcross v. Conoco, Inc.,* 720 S.W.2d 627, 632 (Tex.App.—San Antonio 1986, no writ). The affidavit of Sheree Weeks states that the business records of Forest Creek Apartments indicate that Montgomery never gave notice of any malfunction or requested the repair, inspection, or maintenance of the smoke detector in his apartment unit. Testimony that is offered as evidence that a matter is not included in records to prove the nonoccurrence or nonexistence of the matter is inadmissible hearsay evidence unless rule 803(7) is satisfied. *See* TEX.R.CIV.EVID. 803(7). The initial foundational predicate of rule 803(7) is that the records that would include the matter, if it were not absent from those records, are kept in accordance with the provisions of rule 803(6). *See* TEX.R.CIV.EVID. 803(6), (7). The Weeks affidavit does not even attempt to satisfy the requirements of rule 803(6) and therefore cannot support the summary judgment. *See Box v. Bates,* 162 Tex. 184, 346 S.W.2d 317, 319 (Tex.1961); *Berger v. Berger,* 578 S.W.2d 547, 550 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

 Coleman argues that the affidavit of Karen Sadowski is fatally defective because in the last sentence of the affidavit she makes a statement based on "knowledge and belief" instead of on "personal knowledge." Coleman's assertion that the sufficiency of an affidavit is determined by the words used to preface the statements in the affidavit is incorrect. The requirement in rule 166a(f) that affidavits "shall be made on personal knowledge" is satisfied by an affirmative showing in the affidavit of how the affiant became personally familiar with the facts so as to be able to testify as a witness, not by a self-serving recitation by the affiant that she has "per-

sonal knowledge." *See* TEX.R.CIV.P. 166a(f); *Fair Woman, Inc. v. Transland Mgt.,* 766 S.W.2d 323, 323 (Tex.App.—Dallas 1989, no writ); *Moya v. O'Brien,* 618 S.W.2d 890, 893 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). Moreover, Coleman's reliance on an earlier opinion of this court, *Campbell v. Fort Worth Bank & Trust,* 705 S.W.2d 400 (Tex.App.—Fort Worth 1986, no writ), as support for her contention that the Sadowski affidavit is not sufficient is misplaced. In *Campbell,* we stated that "Rule 166–A requires that affidavits must be based upon personal knowledge. The statements in appellant's affidavit based upon 'the best of his knowledge' constitute no evidence at all." *Id.* at 402. A careful reading of the contested affidavit in *Campbell* reveals that, although the affiant did only make statements to "the best of [his] knowledge," the affidavit also lacked any statement affirmatively showing how the affiant gained personal knowledge of the facts alleged in the affidavit. *See id.* at 401–02. As such, our method of reviewing the Sadowski affidavit is consistent with the holding in *Campbell* that the affidavit was insufficient.

In her affidavit, Sadowski stated that she was the apartment manager of the Forest Creek Apartments during the time that Montgomery was a tenant. She further stated that as apartment manager it was her duty to receive maintenance requests and complaints. We find that these statements affirmatively show that Sadowski had personal knowledge on which to testify that when Montgomery moved into the apartment the smoke detector had been tested and was in working order; that Montgomery never made any verbal or written complaint to the apartment manager about his smoke detector; and that the apartment manager never received any oral or written request from Montgomery for repair, replacement, or maintenance of his smoke detector. Coleman's third point of error is overruled.

Having determined that the Sadowski affidavit was properly considered as summary judgment evidence by the trial court,

we must review Coleman's second point of error asserting that the trial court erred in ruling that her claim against United Savings was barred as a matter of law by the failure to comply with the notice provisions of the Texas Smoke Detector Statute.

Texas Smoke Detector Statute

■■■ The Texas Smoke Detector Statute imposes a duty on a landlord to install, inspect, and repair smoke detectors in its apartment units; however, this duty and consequent liability for breaches thereof is not without limitation. TEX.PROP.CODE ANN. §§ 92.255, 92.256, 92.258, 92.259 (Vernon 1984). The limiting provisions of the Texas Smoke Detector Statute provide, in pertinent part, that:

§ **92.258. Inspection and Repair**

. . . .

(c) During the term of a lease or during a renewal or extension, the landlord has a *duty* to inspect and repair a smoke detector, *but only if* the tenant gives the landlord *notice* of a malfunction or *requests* to the landlord that the smoke detector be inspected or repaired.

*Id.* § 92.258(c) (emphasis added).

§ **92.259. Landlord's Failure to Install, Inspect, or Repair**

(a) A landlord is *liable* according to this subchapter if:

(1) *after* the tenant *requested* the landlord to install, inspect, or repair a smoke detector in the tenant's dwelling unit as required by this subchapter, the landlord did not install the smoke detector or inspect or repair the smoke detector within a reasonable time after the tenant's *notice* of malfunction or *request* for repair, considering the availability of materials, labor, and utilities; *and*

(2) the landlord does not install, inspect, or repair the smoke detector on or before the seventh day after the date the tenant gives the landlord *written notice* that the tenant may exer-

cise his remedies under this subchapter if the landlord does not comply with the request within seven days.

(b) If the tenant's lease is in writing, the lease may require the tenant to make the initial request for installation, inspection, or repair in writing.

*Id.* § 92.259 (emphasis added). Thus, under the statute, no duty to inspect or repair arises unless the tenant gives the landlord notice or makes a request. Moreover, no liability arises for the landlord based on a breach of the duty to install, inspect, or repair unless the tenant gives the landlord notice or makes a request. The giving of notice or making of a request are conditions precedent to landlord liability for the failure to install, inspect, or repair a smoke detector. *See Garza–Vale v. Kwiecien*, 796 S.W.2d 500, 504 (Tex.App.—San Antonio 1990, writ denied). Since the Texas Smoke Detector Statute provides an exclusive remedy and expressly preempts any common law basis of liability, *Garza–Vale*, 796 S.W.2d at 504, and there being no summary judgment evidence controverting the statements in the Sadowski affidavit that Montgomery never gave notice or made any request, oral or written, for the installation, inspection, or repair of a smoke detector, we hold that the trial court properly granted summary judgment in favor of United Savings. A summary judgment should be affirmed where the record establishes that there is no genuine issue as to a material fact and the movant is entitled to judgment as a matter of law. *See* TEX.R.CIV.P. 166a; *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

Coleman also argues, relying on various rules of statutory construction, that a landlord may have liability, independent of that established by the Texas Smoke Detector Statute, for common law negligence under a general provision of residential tenancies found in TEX.PROP.CODE ANN. § 92.006 (Vernon 1984).[1] Coleman deduces that, because there are no conditions precedent to bring-

---

**1.** Section 92.006 was amended by Act effective Aug. 28, 1989, 71st Leg., R.S., ch. 650, § 1, 1989 Tex.Gen.Laws 2142; however, the amended version is substantively identical to the prior version in regard to subchapter F, or the Texas Smoke Detector Statute, as we have referred to it in this opinion.

ing an action under section 92.006, she can escape the effect of not having given notice or made a request to United Savings as required for liability to arise under section 92.259 of the Texas Smoke Detector Statute. We find this argument to be without merit.

 The version of section 92.006 in effect during the term of Montgomery's lease provided, in pertinent part, that:

> § 92.006. **Waiver or Expansion of Duties and Remedies**
>
> (a) ... A landlord's *duty* to install a smoke detector under Subchapter F [the Texas Smoke Detector Statute] may not be waived, nor may a tenant waive a *remedy* for the landlord's noninstallation or waive the tenant's limited right of installation and removal.
>
> (b) The landlord's duty of inspection and repair under Subchapter F [the Texas Smoke Detector Statute] may be waived only by written agreement.

*Id.* (emphasis added). Section 92.006 is specific to the notion of "waiver." Waiver presupposes the existence of a right, not the creation of a right. *See* 73 TEX.JUR.3d *Waiver* §§ 5, 11 (1990). Thus, we do not believe the creation of any basis of liability, such as common law negligence, was contemplated by the legislature in enacting section 92.006. Additionally, section 92.006 only specifically addresses the nonwaivability of the *duties* and *remedies* under the Texas Smoke Detector Statute. It does not address whether a landlord may avoid *liability*, even though a duty and remedy exist, when a tenant fails to give the landlord notice or make a request. Moreover, the obvious purpose of section 92.006 is to prevent an unscrupulous landlord from taking advantage of his tenant by having the tenant waive the duties imposed upon the landlord and the remedies available to the tenant under the Texas Smoke Detector Statute. The aim of section 92.006 is not to make a landlord invariably liable to his tenant for failing to install, inspect, or repair a smoke detector even though the tenant never notified the landlord of the malfunction or requested repair. As such, we hold that section 92.006 does not establish, or even address for that matter, any basis of landlord liability beyond that established by the Texas Smoke Detector Statute. Coleman's second point of error is overruled.

The judgment of the trial court is affirmed.