Scalise-final 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN







 





NO. 3-92-457-CV





TAMARA SCALISE AND BARRETT KING,



 
 APPELLANTS


vs.





STANLEY V. POWERS AND MICHELE POWERS,



 APPELLEES




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT



NO. 425,750, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 





 Tamara Scalise and Barrett King appeal the trial court's rendition of summary
judgment in favor of Stanley V. Powers and Michele Powers. We will affirm the trial court's
judgment.



BACKGROUND


 This is a suit for personal injuries suffered in a residential fire. In May 1986, by
oral agreement, Scalise and King (collectively, the "tenants") rented a duplex unit owned by the
Powers. Smoke detectors had not been installed in the duplex when the tenants moved in or at
the time of the fire. Neither Scalise nor King complained to the Powers of the absence of a smoke
detector or requested that one be installed. On April 26, 1987, a fire occurred at the duplex. 
Scalise was severely burned and permanently disabled; King was injured to a lesser extent. These
facts are undisputed.

 The tenants brought this cause alleging that the Powers were negligent in failing
to provide smoke detectors in the duplex. (1) The trial court granted summary judgment in the
Powers' favor. The tenants appeal.



DISCUSSION


 In their motion for summary judgment, the Powers contended that they had no duty
to install a smoke alarm under either the common-law, the smoke-detector provisions of the Texas
Property Code, Tex. Prop. Code Ann. §§ 92.251-.262 (West 1984 & Supp. 1993), (2) or any
municipal ordinance. 

 The tenants urge three points of error. In their first two points of error, the tenants
contend the trial court erred in granting summary judgment because it misconstrued the Code to
require that tenants give notice of the failure to install a smoke detector before the landlord is
liable for damages. The tenants argue that the trial court failed to give effect to the statutory
provisions that require a landlord to install smoke detectors and that the tenant cannot waive the
duty of installation. The Powers respond that the tenants' failure to give notice under section
92.259 precludes any liability under the Code. (3) 

 These arguments turn on an apparent inconsistency in the Code. Sections 92.255-.256 use mandatory language in setting out the landlord's duty to install smoke detectors; these
sections do not provide for or require any type of tenant notice for this duty to arise. (4) Section
92.258, however, provides that the landlord's duty to inspect and repair arises only if the tenant
gives notice of a malfunction or requests an inspection. (5) Further, section 92.006 precludes any
waiver of the landlord's duty to install or liability for failure to install a smoke detector, although
the tenant may waive the duty to inspect and repair in writing. (6) Sections 92.260 and 92.261 set
out the remedies available to a tenant for violations of the smoke-detector requirements and
specific defenses available to the landlord. (7)

 Section 92.259 is somewhat inconsistent with the mandatory-installation
requirements set out in sections 92.255-.256. Section 92.259 provides that a landlord is liable for
a failure to install, inspect, or repair only if the tenant has made a request and given written
notice. The tenants argue that this section is inconsistent, to the extent it limits the landlord's
liability for a failure to install a smoke detector, with the mandatory duty of a landlord to install
smoke detectors and the prohibition of a waiver of that duty.

 The Powers initially argue that the tenants waived their statutory-construction
arguments by failing to raise the no-waiver provisions of section 92.006 until their motion to
reconsider the summary judgment. Even absent any response from the nonmovant, we may
consider on appeal whether the grounds for the summary judgment are sufficient as a matter of
law. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The
Powers raised the notice requirements of section 92.259 of the Code as a basis for summary
judgment; therefore, this Court may properly review the trial court's interpretation of the Code
as it applies to the Powers' motion for summary judgment. We shall consider all applicable
provisions of the Code in doing so, including the sections supporting the tenants' position not
expressly raised in their response to the summary-judgment motion.

 The issue presented is whether a tenant must make a request and give written notice
pursuant to section 92.259 before the landlord is liable for damages resulting from a failure to
install a smoke detector. In other words, does section 92.259 apply to both the duty to install and
the duty to inspect and repair? We reluctantly conclude that it does. Our conclusion is based in
part on the holdings of our sister courts of appeals who have considered this statute and upon our
examination of its legislative history.

 In Garza-Vale v. Kwiecien, 796 S.W.2d 500 (Tex. App.--San Antonio 1990, writ
denied), the San Antonio Court of Appeals found that the notice requirement was a condition
precedent to a cause of action against a landlord for failure to install a smoke detector. Id. at 504. 
The court did not consider the effects of section 92.006. 

 In Cannon v. Lemon, 843 S.W.2d 178 (Tex. App.--Houston [14th Dist.] 1992, writ
denied), the court followed the Garza-Vale holding in affirming the dismissal of a cause alleging
failure to install a smoke detector. The court held that although "a landlord does have a duty to
install a smoke detector . . . liability arises only after the requirements of section 92.259(a) are
met." Id. at 181 (emphasis added). The Cannon court also did not consider the effect of section
92.006.

 In Coleman v. United Savings Association of Texas, 846 S.W.2d 128 (Tex.
App.--Fort Worth 1993, n.w.h.), a case involving the duty to inspect and repair, the court
attempted to reconcile sections 92.006 and 92.259. The court distinguished between "duties and
remedies" and "liability" under the Code. Id. at 133. The court found that the waiver provision
of section 92.006 "presupposes the existence of a right" and addressed only the nonwaivability
of duties and remedies under the Code. Id. The court found that section 92.006 had no effect on
whether a landlord could avoid liability if the tenant failed to give notice under section 92.259. 
Id.

 The tenants urge that the Code sections may be reconciled by requiring notice by
the tenant as a condition precedent to landlord liability only for the duty to inspect and repair, and
not for the duty to install which is mandatory and nonwaivable.

 Certainly, there is a plausible policy argument in favor of the tenants' construction. 
It would be a heavy burden to require a landlord to continually monitor the status of installed
smoke detectors during a tenant's possession. When a detector is in place, a tenant has better
access to the smoke detector and is more likely to be aware of a malfunction. However, when
a smoke detector has never been installed, the tenant has little reason to note its absence, and the
landlord is in an equal or better position to know whether a smoke detector has been installed.

 The apparent uncertainty in the Code can be resolved by examining the legislative
history of the smoke-detector provisions. In the original statute that provided the source law for
the smoke-detector provisions of the Code, the requirement that the tenant request and give notice
to install a smoke detector was set out in a separate section from the requirement that the tenant
request and give notice to inspect or repair a smoke detector. Act of June 16, 1981, 67th Leg.,
R.S., ch. 749, §§ 6, 7, 1981 Tex. Gen. Laws 2742, 2744-45 (Tex. Rev. Civ. Stat. Ann. art.
5236j, §§ 6, 7 (since repealed and codified at Tex. Prop. Code Ann. § 92.259 (West 1984))). 
Presumably because these two sections mirrored each other, upon recodification into the Property
Code, they were combined into section 92.259. 

 In our opinion, as originally worded, the section concerning the duty to install more
clearly stated its intent:



Landlord's failure to install



Section 6. The tenant is entitled to the remedies in Section 9 [§ 92.260] of this Act
if all of the following occur:


(1) the tenant has given notice to the landlord, requesting the landlord install a
smoke detector in the dwelling unit rented by the tenant, and the smoke
detector is required by this Act. The notice to the landlord need not be in
writing unless written notice is required in the written rental agreement;


(2) the tenant has thereafter given written notice to the landlord that if the above
request is not complied with within seven days, the tenant may exercise
remedies under this Act; and


(3) the landlord has failed to install the smoke detector as required by this Act
within the seven-day period referred to above.



Act of June 16, 1981, 67th Leg., R.S., ch. 749, § 6, 1981 Tex. Gen. Laws 2742, 2744-45 (Tex.
Rev. Civ. Stat. Ann. art. 5236j, § 6 (since repealed and codified at Tex. Prop. Code Ann.
§ 92.259 (West 1984))) (emphasis added). The source law indicates that the legislature recognized
that the duty to install was separate from the duty to inspect and repair and concluded that notice
should be a condition precedent to a remedy for violation of either duty. The recodification of
the earlier statute into the Property Code was expressly stated to make "no substantive change in
the law." Act of June 19, 1983, 68th Leg., R.S., ch. 576, § 9, 1983 Tex. Gen. Law 3475, 3730. 
Accordingly, we must conclude that the legislature intended no change from the clear language
of the source law.

 Given this clear statement in the source law indicating the legislative intent, we
conclude that the Garza-Vale and Coleman cases were correctly decided. (8) We hold that absent
compliance with the request and notice provisions of section 92.259, a tenant has no remedy under
the Code for a landlord's failure to install smoke detectors. Accordingly, we overrule the tenants'
first and second points of error.

 In their third point of error, the tenants contend the trial court erred in granting
summary judgment because the Powers' violation of smoke-detector requirements in a municipal
ordinance constitutes negligence per se independent of the Code. 

 The Powers argue that the municipal ordinance, by its terms, did not apply to the
dwelling unit in question and, in any event, the Code preempted the ordinance and any common-law duty to install smoke detectors.

 The applicable version of section 92.252 of the Code states as follows:



The duties of a landlord and the remedies of a tenant under this subchapter are in
lieu of common law, other statutory law, and local ordinances regarding a
residential landlord's duty to install, inspect, or repair a smoke detector in a
dwelling unit. However, this subchapter does not:


(1) affect a local ordinance adopted before September 1, 1981, that requires
landlords to install smoke detectors in new or remodeled dwelling units before
September 1, 1981, if the ordinance conforms with or is amended to conform
with this subchapter;



(2) otherwise limit or prevent adoption of a local ordinance relating to building or
housing codes or prevent the adoption of a local ordinance that conforms to
this subchapter but which contains additional enforcement provisions. 



Act of June 19, 1983, 68th Leg., R.S., ch. 576, § 92.252, 1983 Tex. Gen. Laws 3475, 3649
(Tex. Prop. Code Ann. § 92.252, since amended) (emphasis added).

 The tenants do not attempt to apply any enforcement provision of the local
ordinance. Instead, they argue that the Powers' violation of the local ordinance requiring smoke
detectors constitutes negligence per se. See Marshall v. Joske's, Inc., 581 S.W.2d 192, 194-94
(Tex. Civ. App.--San Antonio 1979, no writ). Negligence per se, although involving reliance on
a violation of statutory law or an ordinance as evidence of duty and breach, is a common-law
doctrine. Cf. Carter v. William Sommerville & Sons, Inc., 584 S.W.2d 275, 278 (Tex. 1979);
Castro v. Hernandez-Davila, 694 S.W.2d 575, 577 (Tex. App.--Corpus Christi 1985, no writ). 
We hold that the Code preempts all common-law causes of action within its scope. See Cannon,
843 S.W.2d at 180, 182 n.2; Garza-Vale, 796 S.W.2d at 503. Accordingly, we overrule the
tenants' third point of error.



CONCLUSION


 We affirm the trial court's judgment.



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: July 7, 1993

[Do Not Publish]

1.   Scalise and King also sued Zenith Radio Corporation alleging various theories of
product liability. The parties settled this claim, and dismissed Zenith from this cause.
2.   Unless otherwise noted, references to "the Code" and to section numbers are to the
Texas Property Code.
3.   Section 92.259 provides:


§ 92.259 Landlord's Failure to Install, Inspect, or Repair


 (a) A landlord is liable according to this subchapter if:


 (1) after the tenant requested the landlord to install, inspect, or repair a smoke
detector in the tenant's dwelling unit as required by this subchapter, the
landlord did not install the smoke detector or inspect or repair the smoke
detector within a reasonable time after the tenant's notice of malfunction or
request for repair, considering the availability of materials, labor, and
utilities; and


 (2) the landlord does not install, inspect, or repair the smoke detector on or
before the seventh day after the date the tenant gives the landlord written
notice that the tenant may exercise his remedies under this subchapter if the
landlord does not comply with the request within seven days.


 (b) If the tenant's lease is in writing, the lease may require the tenant to make the
initial request for installation, inspection, or repair in writing.


Tex. Prop. Code Ann. § 92.259 (West 1984) (emphasis added).
4.   These sections provide, in pertinent part:


§ 92.255 Installation and Location in New Construction


 (a) Before the first tenant takes possession of a dwelling unit, the landlord shall
install at least one smoke detector outside, but in the vicinity of, each separate
bedroom in the dwelling unit . . . . 


Tex. Prop. Code Ann. § 92.255(a) (West 1984) (emphasis added).


§ 92.256 Installation in Units Constructed or Occupied on or Before September 1, 1981


 (a) If the dwelling unit was occupied as a residence on or before September 1, 1981,
or the building permit for the unit was issued on or before that date, the landlord
shall install at least one smoke detector in accordance with Sections 92.255 and
92.257 on or before September 1, 1984.


Tex. Prop. Code Ann. § 92.256(a) (West 1984) (emphasis added).
5.   This section provides:


§ 92.258 Inspection and Repair


 (a) The landlord shall inspect and repair a smoke detector according to this
section.


 (b) The landlord shall determine that the smoke detector is in good working
order by following the recommended test procedures of the manufacturer for
the particular model:


 (1) at the beginning of a tenant's possession if the dwelling unit contains a
smoke detector; or


 (2) at the time of installation if the landlord installs the smoke detector in
the dwelling unit after the tenant has taken possession.


 (c) During the term of a lease or during a renewal or extension, the landlord has
duty to inspect and repair a smoke detector, but only if the tenant gives the
landlord notice of a malfunction or requests to the landlord that the smoke
detector be inspected or repaired. This duty does not exist with respect to
damage or malfunction caused by the tenant, the tenant's family, or the tenant's
guests during the term of the lease or a renewal or extension, except that the
landlord has a duty to repair or replace the smoke detector if the tenant pays in
advance the reasonable repair or replacement cost, including labor, materials,
taxes, and overhead.


 (d) The landlord must comply with the tenant's request for inspection or repair
within a reasonable time, considering the availability of materials, labor, and
utilities.


 (e) The landlord has met the duty to inspect and repair in the smoke detector is if
good working order after the landlord follows the recommended test procedures
of the manufacturer for the particular model.


 (f) The landlord is not obligated to provide batteries for a battery-operated smoke
detector after a tenant takes possession if the smoke detector was in good
working order at the time the tenant took possession.


Tex. Prop. Code Ann. § 92.258 (West 1984) (emphasis added).
6.   This section provides, in pertinent part:


§ 92.006 Waiver or Expansion of Duties and Remedies


 (a) A landlord's duty or a tenant's remedy under Subchapter C, D, or E may
not be waived. A landlord's duty to install a smoke detector under Subchapter
F may not be waived, nor may a tenant waive a remedy for the landlord's
noninstallation or waive the tenant's limited right of installation and removal.


 (b) The landlord's duty of inspection and repair under Subchapter F may be waived
only by written agreement. . . .


Tex. Prop. Code Ann. § 92.006(a), (b) (West 1984) (emphasis added).
7.   These sections provide:


§ 92.260 Tenant Remedies


 A tenant of a landlord who is liable under Section 92.259 may obtain or
exercise one or more of the following remedies:


 (1) a court order directing the landlord to comply with the tenant's request;


 (2) a judgment against the landlord for damages suffered by tenant because
of the landlord's violation;


 (3) a judgment against the landlord for one month's rent plus $100;


 (4) a judgment against the landlord for court costs and attorney's fees; and


 (5) unilateral termination of the lease without a court proceeding.


Tex. Prop. Code Ann. § 92.260 (West 1984).


§ 92.261 Landlord's Defenses


 The landlord has a defense to liability under Section 92.259 if:


 (1) on the date the tenant gives the notice required by Section 92.259 the
tenant has not paid all rent due from the tenant; or


 (2) on the date the tenant terminates the lease or files suit the tenant has not
fully paid costs requested by the landlord and authorized by Section
92.258.


Tex. Prop. Code Ann. § 92.261 (West 1984).
8. We note that the Garza-Vale and Coleman cases were decided since the 1991 Regular
Session of the Texas Legislature. The legislature has since concluded its 1993 Regular Session
without amending the relevant provisions of the Code. Accordingly, we presume that the
legislature approved the construction of the Code set out in Garza-Vale and Coleman. See
Fleming Mfg. Co., Inc. v. Capitol Brick, Inc., 703 S.W.2d 365, 366 (Tex. App.--Austin 1986),
rev'd, 722 S.W.2d 399 (Tex. 1986), on remand, 734 S.W.2d 405 (Tex. App.--Austin 1987,
writ ref'd n.r.e.); see also Dillehey v. State, 815 S.W.2d 623, 631 (Tex. Crim. App. 1991);
Drake v. State, 686 S.W.2d 935, 943 (Tex. Crim. App. 1985).