Nicole GILSTRAP, Individually and on Behalf of the Estate of Courtney Gilstrap, a Deceased Minor, and Individually and A/N/F of Torrey Gilstrap, Ryan Conley Gilstrap, and Ashley Gilstrap, Minors, Appellant,

v.

PARK LANE TOWN HOME ASSOCIATION, and Park Lane Home Owners Association D/B/A Park Lane Town Homes, and Park Lane Town Homes, Appellees.

No. 07–94–0092–CV.

Court of Appeals of Texas, Amarillo.

Oct. 3, 1994.

Jim S. Adler P.C., Gregg O. Oberg, Dallas, for appellant.

J. Robert Miller, Jr., Julie H. Brown, Dallas, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

This appeal from a take-nothing summary judgment, rendered in the wrongful death/survival action brought by Nicole Gil-

strap[1] against Park Lane[2] and others,[3] presents the novel question whether the action of Gilstrap, which was not filed by or on behalf of a tenant, against Park Lane, which was not a landlord, was foreclosed by the preemption language of the landlord and tenant statute. *See* Tex.Prop.Code Ann. § 92.252(a) (Vernon Supp.1994). Holding that it was not, we will reverse and remand.

Courtney Gilstrap, the one-year-old son of Nicole Gilstrap, died as the result of a fire in a condominium leased to his grandmother and aunt by a partnership, of which Joyce Story, one of the other named defendants, was a partner. The Park Lane defendants are an association affiliated with the partnership owner, but the association is neither the owner, lessor, nor sublessor of the condominium.

Initiating litigation in her various capacities against all defendants, Nicole Gilstrap alleged their negligence, gross negligence, breach of an implied warranty of habitability, and violations of the DTPA,[4] for failing to install a smoke detector in the condominium. The pleadings, discovery material, and affidavits established that neither Nicole Gilstrap nor any party on whose behalf she sued was a tenant,[5] and Park Lane was not the landlord,[6] of the condominium.

Park Lane moved for summary judgment on the sole ground that since it was not the landlord, it had no duty nor any liability with respect to the failure to install a smoke detector, because in chapter 92 of the Texas Property Code, the legislature had preempted the area by placing the duty and liability

on the landlord. *See* Tex.Prop.Code Ann. §§ 92.251–92.262 (Vernon 1984 & Supp.1994). In particular, Park Lane relied upon the "preemption" language of the Code's section 92.252(a) which, as material to the appeal, is in these words:

The duties of a landlord and the remedies of a tenant under this subchapter are in lieu of common law, other statutory law, and local ordinances regarding a residential landlord's duty to install, inspect or repair a smoke detector in a dwelling unit.

Nicole Gilstrap responded to the motion, contending that since Courtney Gilstrap was not a tenant and Park Lane was not a landlord, the preemptive language of section 92.252(a) was inapplicable to her action against Park Lane.

The trial court granted Park Lane's motion for summary judgment, prompting Nicole Gilstrap's appeal. By four points of error, she presents the contentions that Park Lane failed to prove, and there remain fact issues concerning, the applicability of section 92.252(a) to the parties.

In pressing for summary judgment in the trial court, and in rebuttal of Gilstrap's points on appeal, on the strength of section 92.252(a), Park Lane primarily relied, and now relies, upon *Garza–Vale v. Kwiecien,* 796 S.W.2d 500 (Tex.App.—San Antonio 1990, writ denied). There, in the trial court, Kwiecien, individually and as personal representative and heir of the estate of her deceased adult son, who died of smoke inhalation during a fire in the apartment of tenant Tessier, recovered damages on a common

---

1. Nicole Gilstrap initiated this action individually and on behalf of the estate of Courtney Gilstrap, a deceased minor, and individually and as next friend of Torrey Gilstrap, Ryan Conley Gilstrap, and Ashley Gilstrap, minors.

2. Park Lane is the designation of defendants Park Lane Town Home Association, Park Lane Home Owners Association d/b/a Park Lane Town Homes, and Park Lane Town Homes.

3. Gilstrap's action against the Park Lane defendants was severed from other defendants she named in her original action.

4. The Texas Deceptive Trade Practices–Consumer Protection Act, Tex.Bus. & Com.Code Ann. § 17.41 *et seq.* (Vernon 1987 & Supp.1994).

5. A tenant is defined as "a person who is authorized by a lease to occupy a dwelling to the exclusion of others and, for the purposes of Subchapter [ ] ... F [smoke detectors], who is obligated under the lease to pay rent." Tex.Prop. Code Ann. § 92.001(6) (Vernon Supp.1994).

6. A landlord is defined as "the owner, lessor, or sublessor of a dwelling, but does not include a manager or agent of the landlord unless the manager or agent purports to be the owner, lessor or sublessor in an oral or written lease." Tex.Prop.Code Ann. § 92.001(2) (Vernon Supp. 1994).

law negligence theory from the Garza–Vales, owners and lessors of the apartment, for failing to install a smoke detector in the apartment and to repair the floor furnace. The appellate court reversed and rendered a take-nothing judgment, holding, inter alia, on the authority of section 92.252(a), that with regard to the absence of a smoke detector, "the liability provisions of the Texas Property Code concerning smoke-detector liability provides an exclusive remedy and expressly preempts any common law basis of liability." *Id.* at 504.

Based upon this holding, Park Lane asserts that Gilstrap's contention that the smoke detector statute is limited to the landlord-tenant relationship must be rejected. This results, Park Lane argues, because the legislature has never limited the preexemption provision to that relationship, *Garza–Vale* applied the preemption doctrine outside the landlord-tenant context, and the legislature signalled its approval of a more expansive use of the preemption doctrine when it amended the smoke detector statute in 1993 without altering the holding in *Garza–Vale.* Furthermore, Park Lane concludes, it is inconceivable that the legislature would desire to preempt smoke detector claims against landlords, while intending the same claims to be maintained against town home owners associations, which do not own, occupy, control, or make repairs to the condominiums. We do not agree.

In arriving at its holding, the *Garza–Vale* court, deeming Kwiecien's claim to be derivative from the deceased's cause of action which could be no greater than that of the tenant, considered the question to be to what extent, if any, the tenant could have recovered from the landlords. *Id.* at 502. Then, the court considered the duties and liability of a landlord provided by chapter 92 of the Texas Property Code. *Id.* at 503–04. Thus, it is obvious that the court's holding was applied to the landlord-tenant relationship, and not outside that context as Park Lane argues. Moreover, it is equally obvious that the legislature intended the preexemption provision to be limited to the landlord-tenant relationship, for near the beginning of chapter 92, the legislature inserted this provision:

"This chapter applies only to the relationship between landlords and tenants of residential property." Tex.Prop.Code Ann. § 92.002 (Vernon 1984).

Consequently, even considering Gilstrap's action to be derivative of the tenant's claim within the rationale of *Garza–Vale,* since Park Lane was not a landlord, it was not entitled to claim the preexemption applicable to landlords in section 92.252(a), the ground upon which it moved for summary judgment. Park Lane had the burden to establish its entitlement to summary judgment upon the issue expressly presented to the trial court, and because it failed to do so, the trial court erred in rendering summary judgment. *INA of Texas v. Bryant,* 686 S.W.2d 614, 615 (Tex.1985).

Nevertheless, Park Lane submits that the trial court did not err in granting its motion for summary judgment because, since it did not own, manage, or occupy the premises and did not cause the fire, it did not owe any legal duty to the Gilstraps. However, these issues of the lack of a legal duty were not expressly presented to the trial court in Park Lane's motion for summary judgment as grounds for summary judgment; therefore, Park Lane could not be granted summary judgment on these issues, *Chessher v. Southwestern Bell Telephone Co.,* 658 S.W.2d 563, 564 (Tex.1983), and the summary judgment may not be affirmed on grounds not specifically presented in its motion for summary judgment. *Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex.1993); *Travis v. City of Mesquite,* 830 S.W.2d 94, 100 (Tex. 1992).

Accordingly, Gilstrap's first point of error, by which she contends the trial court erred in granting the motion for summary judgment is sustained, requiring a reversal and remand. The sustainment of this point pretermits a discussion of her other points of error. Tex.R.App.P. 90(a).

The summary judgment is reversed, and the cause is remanded to the trial court.