**Linda EPPS, Appellant,**

v.

**Harold G. AYER, Appellee.**

**No. 11–92–231–CV.**

Court of Appeals of Texas,
Eastland.

July 22, 1993.

Rehearing Denied Aug. 26, 1993.

Robert M. Kisselburgh, McGuire & Levy, Irving, for appellant.

Lewis R. Sifford, Robert L. Harris, Sifford & Anderson, Dallas, for appellee.

OPINION

McCLOUD, Chief Justice.

This case involves the applicability of the Texas Smoke Detector Statute, TEX.PROP. CODE ANN. § 92.251 et seq. (Vernon 1984 & Supp.1993), when the written lease provided that the landlord would maintain a "working smoke alarm."

The tenant, Linda Epps, sued her landlord, Harold G. Ayer, under the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA), TEX.BUS. & COM.CODE ANN. § 17.41 et seq. (Vernon 1987 & Supp. 1993), alleging that the written lease agreement between the parties provided that the landlord would maintain a "working smoke alarm"; that the smoke alarm in the apartment failed to operate and warn the tenant of the fire; and that, as a result of the landlord's violations of the DTPA, the tenant suffered serious personal injuries. The tenant alleged that the landlord committed several of the "listed" or "defined" acts or practices contained in Section 17.46(b) of the DTPA. The tenant also alleged that the landlord breached an express or implied warranty. See Section 17.50(a)(2) of the DTPA. The tenant sought treble and additional damages alleging that the landlord's conduct was committed knowingly. See Section 17.50(b)(1). The landlord filed spe-

cial exceptions urging that the tenant failed to state a cause of action because the tenant's alleged DTPA claims had been expressly preempted by the legislative mandate of TEX.PROP.CODE ANN. § 92.-252(a) (Vernon Supp.1993). Furthermore, the landlord urged that the DTPA claim was not an additional tenant remedy supported by a specific written agreement executed by the landlord and tenant pursuant to TEX.PROP.CODE ANN. § 92.006(b) (Vernon Supp.1993).

The trial court sustained the landlord's special exceptions; and the tenant, rather than amend her pleadings, elected to stand on her DTPA pleadings and test the validity of the trial court's ruling. See *Davis v. Quality Pest Control,* 641 S.W.2d 324 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The trial court entered an order dismissing, without prejudice, the tenant's suit after the tenant refused to amend her petition. The tenant appeals. We affirm.

In determining if the tenant's pleadings state a cause of action, we must assume that all of the alleged material facts are true. *Joseph E. Seagram & Sons, Inc. v. McGuire,* 814 S.W.2d 385 (Tex.1991). Therefore, we assume that the smoke alarm in the tenant's apartment failed to operate and warn the tenant of the fire. We further assume that the written lease agreement provided that the landlord would maintain a "working smoke alarm" in the apartment.

Section 92.252(a) of the Texas Property Code provides in part:

> The duties of a landlord and the remedies of a tenant under this subchapter are in lieu of common law, other statutory law, and local ordinances regarding a residential landlord's duty to install, inspect, or repair a smoke detector in a dwelling unit.

The courts in *Garza–Vale v. Kwiecien,* 796 S.W.2d 500 (Tex.App.—San Antonio 1990, writ den'd), and *Coleman v. United Savings Association of Texas,* 846 S.W.2d 128 (Tex.App.—Fort Worth 1993, no writ), held that the Texas Smoke Detector Statute provides an "exclusive remedy" and "expressly preempts" any common-law basis of liability for the failure to install, inspect, or repair a smoke detector.

Section 92.258 of the Property Code provides that the landlord has a duty to "inspect and repair" a smoke detector but "only if the tenant gives the landlord notice of a malfunction or requests to the landlord that the smoke detector be inspected or repaired." Section 92.259 expressly states that the landlord's liability for failure to install, inspect, or repair a smoke detector arises only after the tenant makes a request and gives the landlord proper notice. The court in *Coleman* stated that the tenant's request and the giving of notice were "conditions precedent to landlord liability for the failure to install, inspect, or repair a smoke detector."

Here, the tenant argues that *Garza–Vale* and *Coleman* are not controlling because these cases involved "common-law" claims of negligence while the tenant's DTPA claim involves a contractual obligation undertaken by the landlord. Furthermore, the tenant contends that, since the DTPA does not discuss a landlord's duty to install, inspect, or repair a smoke detector, Section 92.252(a) does not preempt her DTPA cause of action. The tenant reads the preemption in Section 92.-252(a) to be applicable only if the "other statutory law" specifically relates to a "residential landlord's duty to install, inspect, or repair a smoke detector in a dwelling unit." The tenant points out that the DTPA does not create any duties on the part of the landlord but only sets up a statutory plan to remedy any false, misleading, or deceptive business practices. Since Section 92.252(a) is only in lieu of those statutes which expressly relate to a landlord's duty to install, inspect, or repair a smoke detector, the tenant maintains that she may bring a DTPA cause of action for the false, misleading, or deceptive acts or practices of the landlord who contracted to provide a "working smoke alarm." It is the tenant's position that the landlord agreed in the lease to provide a working smoke alarm and that the landlord is liable even though the tenant never gave the

landlord notice of any malfunction and never requested the landlord to inspect or repair the smoke detector.

The primary goal of statutory construction is to ascertain the intent of the legislature. *Harris County District Attorney's Office v. J.T.S.*, 807 S.W.2d 572 (Tex.1991). To determine legislative intent, we must examine the entire statute and not merely an isolated portion. *State v. Terrell*, 588 S.W.2d 784 (Tex.1979). The Texas Smoke Detector Statute was first enacted in 1981. Prior to that time, there was no common-law duty to install, inspect, or repair a smoke alarm in a residential dwelling. See *Garza–Vale v. Kwiecien*, supra. Sections 92.251 through 92.262 contain a comprehensive statutory plan governing all aspects of the subject matter. The landlord is charged with various specific duties, and the tenant is given certain specific remedies. The tenant is required to give specific notices before the landlord can be liable. We think that it is manifestly clear the legislature intended that all landlord duties and tenant remedies be governed by the exclusive provisions of the Texas Smoke Detector Statute. Those duties and remedies are "in lieu" of all "other statutory law" that, either directly or indirectly, imposes alternative duties or remedies regarding a residential landlord's installation, inspection, or repair of a smoke detector in a residential dwelling.

Section 92.006(b) provides that a "landlord's duties and the tenant's remedies" concerning smoke detectors "may be enlarged only by specific written agreement." The provision in the lease that the landlord would maintain a "working smoke alarm" merely acknowledged the statutory duties under the Texas Smoke Alarm Statute. The landlord had the statutory duty to maintain a working smoke alarm without regard as to whether the lease specifically referred to a smoke alarm. We do not construe the language in the lease to be the type of "specific" written agreement under Section 92.006(b) that is required to "enlarge" the landlord's duties. Furthermore, the lease did not contain any "specific" written agreement enlarging the tenant's

remedies to include provisions of the DTPA.

The trial court's order is affirmed.