**Roy PRUIT and Jessica Pruit, Individually and as Next Friends of Brandon Pruit and Haley Pruit, Appellants,**

**v.**

**Dan ORR, Individually and d/b/a Dan Orr Real Estate, Appellees.**

**No. 2–98–266–CV.**

Court of Appeals of Texas, Fort Worth.

April 1, 1999.

Kraft & Johnson, George C. Johnson and Scott A. Dye, Dallas, for Appellant.

Donald L. Sweatt, P.C., Donald L. Sweatt, Graham, for Appellee.

Panel B DAUPHINOT, BRIGHAM, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

This appeal is governed by provisions of the Texas Smoke Detector Act, which is a portion of the Texas Property Code. *See* TEX. PROP.CODE ANN. §§ 92.251–.261 (Vernon 1995 & Supp.1999). Appellants Roy and Jessica Pruit appeal from a summary judgment that they take nothing from Appellee Dan Orr in this suit seeking damages for the personal injuries of Appellants' children, Brandon and Haley. The

injuries occurred in a rental house that caught fire while Appellants and the children were staying there overnight as guests of the tenant, Lawrence Fields. The house had no smoke detectors. After carefully considering and overruling Appellants' issues on appeal, we affirm.

## BACKGROUND

At the time of the fire Appellee was the owner and landlord of the rented house, located in Graham, Texas. Lawrence Fields was the tenant, occupying the house under a month-to-month oral tenancy that began October 20, 1994. The fire destroyed the house shortly after midnight on November 10, 1995. Appellants sued on grounds that the children's injuries were proximately caused by Appellee's negligent failure to comply with provisions of the Act, with the city's fire prevention code, and with the city's building code, all of which address circumstances in which residential landlords must install, inspect, or repair smoke alarms in their rental properties.

■ Appellants also pled that because there was no smoke detector, Appellee violated an implied warranty that the house was habitable, and that the Texas Deceptive Trade Practices Act (DTPA) entitles Appellants to recover damages from Appellee. *See* TEX. BUS. & COM.CODE ANN. §§ 17.46(a)(b)(5),(7), 17.50(a)(2)–(3) (Vernon 1987 & Supp. 1999). However, the Texas Smoke Detector Act preempts claims for breach of the warranty of habitability on these facts. *See Garza–Vale v. Kwiecien,* 796 S.W.2d 500, 503 (Tex.App.—San Antonio 1990, writ denied). Because the Texas Smoke Detector Act preempts Appellants' DTPA claims, we need not consider those claims in this appeal. *See Epps v. Ayer,* 859 S.W.2d 107, 108–09 (Tex.App.—Eastland 1993, writ denied).

## THE SUMMARY JUDGMENT

Both in the summary judgment proceeding and in this appeal, each party relies upon the Texas Smoke Detector Act. Appellee sought summary judgment on grounds that (1) the Act provides the exclusive remedy for claims of injury caused by a landlord's failure to install, inspect, or repair a smoke detector, (2) Appellants have no cause of action as a matter of law because they were only guests in the house, not tenants, and (3) there is no evidence that before the fire the tenant or any person complied with the Act by asking Appellee to install, inspect, or repair a smoke detector in the house. Appellee relied then, as he does now, on the Act's provisions that existed before September 1, 1995, the effective date of amendments to several sections of the Act. *See* TEX. PROP.CODE ANN. §§ 92.258 (inspection and repair of detectors), 92.259 (landlord's failure to install, inspect, or repair detectors), 92.260 (tenant's remedies), and 92.2611 (tenant's disabling of detectors).

The trial court granted Appellee's motion, but the summary judgment does not state the specific grounds upon which it was granted. When a trial court grants a summary judgment without specifying the grounds, the general rule of appellate review is that we must uphold the judgment if any of the theories set forth in the motion for summary judgment are meritorious. *See Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex. 1995).

## STANDARDS OF REVIEW

Other standards also govern our review of this summary judgment. Appellee's motion relied upon the affirmative defense that the Texas Smoke Detector Act provides the exclusive remedy available for Appellants' claim, and that as a matter of law the facts and circumstances described in Appellants' pleading do not state a viable cause of action under the Act. A defendant who moves for summary judgment based on an affirmative defense bears the burden of proving each essential element of that defense. *See Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex.1996).

■ Moreover, Appellee's motion for summary judgment is a "no-evidence" motion. *See* TEX.R. CIV. P. 166a(i). Filed April 14, 1998, the motion asserts that Appellants have produced no evidence that the tenant or any other person gave Appellee the notice (to install, inspect, or repair a smoke detector) that is required by the Act. By filing this suit, Appellants assumed the burden of proving the causes of action alleged in their pleading. After an adequate time for discovery, Appellee, who had no burden to prove Appellants' claim, was entitled, without presenting evidence, to move for summary judgment on the ground that there is no evidence to support an essential element of their claim. *See id.* A "no-evidence" motion for summary judgment must specifically state the elements for which there is no evidence, just as Appellee's motion did. *See id.* The trial court must grant such a motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See id.*

As nonmovants, Appellants were entitled to raise a genuine issue of material fact by showing that a reasonable jury could return a verdict in the nonmovant's favor. *Cf. Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255–56, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986) (interpreting FED. R.CIV.P. 56); *see also* TEX.R. CIV. P. 166a(i) cmt. (stating that the response "need only point out evidence that raises a fact issue on the challenged elements"). However, we have carefully reviewed the record, and it is clear that for purposes of this appeal the parties do not dispute any genuine issues of material fact. The parties only dispute questions of law.

### ISSUES

Appellants appeal on grounds that the trial court erred by granting a take-nothing summary judgment because the undisputed fact that there was no smoke detector in the house when it burned establishes that they have a viable cause of action under the Texas Smoke Detector Act; and

that the Act also allows Appellants to pursue causes of action against Appellee on grounds that his failure to install a smoke detector in the house was negligence per se; and because Appellants' status as guests in the house is immaterial to the dispute.

The Property Code's chapter 92, including the Act, applies only to the relationship between residential landlords and tenants. *See* TEX. PROP.CODE ANN. § 92.002 (Vernon 1995). Effective September 1, 1995, more than two months before the fire, the legislature amended portions of the Texas Smoke Detector Act in chapter 92. Amendments to other provisions of chapter 92, which are irrelevant to this appeal, did not take effect until January 1, 1996.

Appellee's summary judgment evidence included a copy of excerpts from his examination by Appellants' attorney upon oral deposition, and a copy of Appellee's affidavit. That uncontradicted evidence confirms that before the fire, no one asked Appellee to install, inspect, or repair a smoke detector in the house. Appellee argues that because Lawrence Fields' tenancy began October 20, 1994, and because there is no evidence that he or any other person ever asked Appellee to install, inspect, or repair a smoke detector in the rented house, this case is governed by the provisions of the Act that existed before the September 1, 1995 amendments. We disagree.

### THE STATUTE

Before September 1, 1995, a landlord was not liable under the Act for failing to install, inspect, or repair a smoke detector in a tenant's dwelling unless the landlord had received and failed to comply with the tenant's request for one or more of those services. Before September 1, 1995, section 92.259 provided:

(a) A landlord is liable according to this subchapter if:

(1) after the tenant requested the landlord to install, inspect, or repair a

smoke detector in the tenant's dwelling unit as required by this subchapter, the landlord did not install the smoke detector or inspect or repair the smoke detector within a reasonable time after the tenant's notice of malfunction or request for repair . . . and

(2) the landlord does not install, inspect, or repair the smoke detector on or before the seventh day after the date the tenant gives the landlord written notice that the tenant may exercise his remedies under this subchapter if the landlord does not comply with the request within seven days.

*See* Act of May 24, 1983, 68th Leg., R.S., ch. 576, § 1, 1983 Tex. Gen. Laws 3475, 3652–53, *amended by* Act of May 24, 1995, 74th Leg., R.S., ch. 869, § 9, 1995 Tex. Gen. Laws 4331 (current version at Tex. Prop.Code Ann. § 92.259 (Vernon Supp. 1999)). Effective September 1, 1995, the Legislature amended section 92.259 by abolishing the tenant's request as a prerequisite to the imposition of liability on the landlord. After the amendment and for more than two months before the fire, the section included this:

(a) A landlord is liable according to this subchapter if:

(1) the landlord did not install a smoke detector at the time of initial occupancy by the tenant as required by this subchapter or a municipal ordinance permitted by this subchapter[.]

*See* Tex. Prop.Code Ann. § 92.259(a)(1).

Appellee argues that Appellants are asking this court to apply the September 1, 1995 amendment of section 92.259(a) retroactively to 1994, when Lawrence Fields began his tenancy in Appellee's rental house. We agree with Appellee that unless the wording of a statute, including its amendments, clearly makes its application retrospective, we must presume that the legislature intended the application to be prospective only. *See* Tex. Gov'tt.Code Ann. § 311.022 (Vernon 1998). However, Appellants did not ask the trial court, and have not asked this court, to apply the amended version of section 92.259 retroactively. Because the fire occurred on November 10, more than two months *after* the September 1, 1995 amendment, the amended provisions of the Act govern this case. Nonetheless, Appellee is not liable to Appellants under the current version of section 92.259(a).

## A LANDLORD'S LIABILITY

### 1. Statutory Liability

■ As we have noted, the current version of section 92.259(a) provides that a landlord is liable if "the landlord did not install a smoke detector at the time of the initial occupancy by the tenant *as required by this subchapter*." We are to construe this phrase by giving the words used their ordinary meaning, in the context of the subsection. *See* Tex. Gov't Code Ann. § 311.011(a) (Vernon 1998) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."); Tex. Gov't Code Ann. § 312.002 (Vernon 1998) ("[W]ords shall be given their ordinary meaning.").

Thus construing the statute, we read it to mean that, at the time Fields initially occupied the rental house in 1994, Appellee was required to install a smoke detector as required by the 1994 version of section 92.259(a). The version of section 92.259(a), that was in effect in 1994 made Appellee liable only upon failure to install a smoke detector on Fields' request. Because Fields did not ask Appellee to install a smoke detector, Appellee was not liable for failing to install one. Thus, Appellee had no statutory liability based on his failure to install the smoke detector.

### 2. Liability by Ordinance

■ Since at least 1983, the Act has not limited or prevented a city from adopting a local fire safety ordinance, or enforcing an existing one, that relates to the installation of smoke detectors. *See* Act of May 24, 1983, 68th Leg., R.S., ch. 576, § 1, 1983

Tex. Gen. Laws 3475, 3649, *amended* 1987, 1997 (current version at TEX. PROP.CODE ANN. § 92.252(a)(2)). Nearly a decade before the fire of November 10, 1995, a City of Graham ordinance adopted a fire safety code that was in effect when Lawrence Fields became Appellee's tenant in 1994. *See* GRAHAM, TEX., REV. ORDINANCES ch. 11, art. III, no. 626 (1985). The summary judgment evidence includes a certified copy of pages from the ordinance, that was duly adopted by the city on October 3, 1985. It is undisputed that the ordinance was still in effect at the time of the fire. The ordinance requires that every dwelling in Graham shall have "an approved listed smoke detector, installed in accordance with the manufacturer's recommendation and listing." *See* GRAHAM, TEX., FIRE SAFETY CODE § 603.2.1. (1991). However, the portion of the ordinance contained in the summary judgment evidence does not vest a landlord with a duty to install a smoke detector. Nor does that portion of the ordinance vest any tenant with a duty to notify a landlord to install a smoke detector. *See id.* Moreover, that portion of the ordinance does not include any enforcement or remedial provisions. Thus, Appellee had no liability under the City of Graham's ordinance based on his failure to install a smoke detector.

### GUESTS

■ The impact of the Texas Smoke Detector Act upon tenants and their remedies in cases such as this one is clear:

> (a) The ... remedies of a tenant under this subchapter are in lieu of common law, other statutory law, and local ordinances regarding a residential landlord's duty to install, inspect, or repair a smoke detector in a dwelling unit.

*See* TEX. PROP.CODE ANN. § 92.252(a). (The Legislature retained verbatim the quoted portion when the section was amended in 1997. *See* Act of May 27, 1997, 75th Leg., R.S., ch. 1205, § 13, 1997 Tex. Gen. Laws 4631.)

Because of its clarity, Texas courts have construed section 92.252(a)(2) as confirmation that it provides tenants the exclusive remedy that preempts all common law or other statutory claims for damages caused by a landlord's breach of the statutory duty to install, inspect, and repair smoke detectors. *See Epps,* 859 S.W.2d at 108; *Coleman v. United Sav. Ass'n of Tex.,* 846 S.W.2d 128, 132 (Tex.App.—Fort Worth 1993, no writ); *Garza–Vale,* 796 S.W.2d at 504.

Appellee insists that as guests of tenant Lawrence Fields, Appellants may not recover damages against Appellee, because a guest's right to recover for injuries allegedly caused by the lack of a smoke detector can be no greater than the tenant's own right to recover. Notwithstanding that harsh results may accompany the application of that principle of law, we must agree. *See, e.g., Gilstrap v. Park Lane Town Home Ass'n,* 885 S.W.2d 589, 591 (Tex.App.—Amarillo 1994, no writ); *Garza–Vale,* 796 S.W.2d at 502.

### CONCLUSION

Appellee conclusively proved the essential elements of his affirmative defense that the Texas Smoke Detector Act provides the exclusive remedy for Appellants' claim and, as a matter of law, there is no evidence that Appellants have a viable cause of action against Appellee under the Act. Because Appellee showed himself entitled by law to the summary judgment, we overrule Appellants' issues and affirm the trial court's judgment.