[No. 12974-8-III.    Division Three.    March 22, 1994.]

DOROTHY BRUNTON, ET AL, *Appellants*, v. ELLENSBURG WASHINGTON LODGE No. 1102 OF THE BENEVOLENT AND PROTECTIVE ORDER OF ELKS, *Respondent*.

Robert E. Lawrence-Berrey, Jr., and Peters & Fowler, Inc., P.S., for appellants.

James E. Kennedy and Kennedy, Schuck, Harris, Miller & McCormmach, P.S., for respondent.

MUNSON, J. — Dorothy and Keith Brunton appeal the summary judgment dismissal of their negligence claim against the Ellensburg Washington Lodge 1102 of the Benevolent and Protective Order of Elks (Elks Lodge).

The Bruntons' suit is based on injuries Mrs. Brunton suffered in a fall while she was a guest at a wedding reception at the Elks Lodge. The reception hall of the Elks Lodge is leased to nonmembers periodically. The reception was held the afternoon of September 15, 1990. Gloria Rose-Richey, mother of the bride, inspected the Elks Lodge in August 1990 and determined it would be suitable for her daughter's wedding reception. She met with the manager of the Elks Lodge, Scottie Gaines, who showed her the facility. Ms. Rose-Richey stated she selected the Elks Lodge because it was nice and well kept.

Mrs. Brunton entered the Elks Lodge through the front door. She walked approximately 34 feet across a hallway and entered the reception hall. The floor of the reception hall is on two levels divided by steps. About 6 feet from the entryway there are two shallow steps down. As Mrs. Brunton approached the doors leading into the reception hall,

she could see the bride standing inside. Mrs. Brunton approached the bride, who was standing 1 to 2 feet from the top of the steps, and spoke briefly. When she turned away, she fell down the two steps breaking her pelvis. Mrs. Brunton stated she had not seen the steps.

From 80 to 90 guests attended the reception, and perhaps a half dozen stumbled on the steps. The day of the reception was a bright sunny day, and several people stated the lighting in the hall was dim or subdued, making it hard to see, particularly until their eyes adjusted. Ms. Rose-Richey admits she had control of the lighting in the reception hall, but states it was at full brightness at the time of Mrs. Brunton's fall. There was also testimony that the pattern of the carpet made the steps hard to distinguish. The Bruntons submitted the affidavit of Dr. Gary Sloan, a human factors expert. Dr. Sloan stated the lighting in the hall was inadequate and the steps were not marked by visual cues such as contrasting carpeting or handrails.

The Bruntons contend the trial court erred in granting a summary judgment dismissal of their claim. They argue the Elks Lodge owed Mrs. Brunton a duty of ordinary care as a guest at the reception, thus there are material issues of fact regarding whether the steps were a deceptive condition.

When reviewing an order granting summary judgment, an appellate court engages in the same inquiry under CR 56 as did the trial court. *Wilson v. Steinbach*, 98 Wn.2d 434, 656 P.2d 1030 (1982). Under RAP 9.12, only the evidence and issues called to the attention of the trial court may be considered on appeal.

The Bruntons make two arguments. First, the Elks Lodge had a duty to Mrs. Brunton as an implied invitee, and second, the Elks Lodge had a duty to Mrs. Brunton because the hall was leased for admission of the public. Both of these questions involve the same legal issue: What duty, if any, did the Elks Lodge owe Mrs. Brunton as a guest at a wedding reception in the rented hall and was there an issue of fact for the jury?

■ The general rule, recognized by Washington courts, is that landlords are liable to guests of their tenants only for failure to disclose hidden defects known, or which should have been known to them at the inception of the lease. *See, e.g., Fitchett v. Buchanan*, 2 Wn. App. 965, 472 P.2d 623, *review denied*, 78 Wn.2d 995 (1970). There are, however, exceptions to that rule. One of those exceptions arises where a landlord leases the premises for purposes involving admission of the public. *Regan v. Seattle*, 76 Wn.2d 501, 504, 458 P.2d 12 (1969). The exception and its limitations are set forth in Restatement (Second) of Torts § 359 (1964):

> A lessor who leases land for a purpose which involves the admission of the public is subject to liability for physical harm caused to persons who enter the land for that purpose by a condition of the land existing when the lessee takes possession, if the lessor
>
> (a) knows or by the exercise of reasonable care could discover that the condition involves an unreasonable risk of harm to such persons, and
>
> (b) has reason to expect that the lessee will admit them before the land is put in a safe condition for their reception, and
>
> (c) fails to exercise reasonable care to discover or to remedy the condition, or otherwise to protect such persons against it.

The lessor's liability is also limited to injuries which occur in those areas intended to be open to the public. *Regan*, at 505.

Courts have used various rationales to explain the liability of the landlord. One of those rationales is that the guest of a tenant is an "implied invitee" of the landlord. *See Holm v. Investment & Sec. Co.*, 195 Wash. 52, 79 P.2d 708 (1938). A better explanation, however, is that the landlord's "responsibility to the public is so great that he will not be permitted to shift it to the tenant . . .". W. Page Keeton et al., *Prosser and Keeton on Torts* § 63, at 438 (5th ed. 1984). If a landlord would be liable should he admit the public to the land himself, he should not be allowed to avoid that liability by leasing the land with the intention the public be admitted.

The Elks Lodge argues that Mrs. Brunton was present by invitation, and the premises were not open to the general

public. That interpretation unduly narrows the scope of the exception. The public consists of those people who enter the land for the purposes for which it was leased. *See* Restatement (Second) of Torts § 359 comment e (1964); W. Keeton, at 439. Here, Mrs. Brunton entered the Elks Lodge to attend the wedding reception — the purpose for which it had been leased.

The affidavits, depositions, and other documents submitted raise a genuine issue of material fact regarding whether the steps constituted a deceptive or dangerous condition. Summary judgment was improper.

Reversed and remanded for trial.

SWEENEY, A.C.J., and SCHULTHEIS, J., concur.

Review denied at 124 Wn.2d 1023 (1994).