IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00001-CR

 

Randy Ray Tolbert,

                                                                      Appellant

 

v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 85th District Court

Brazos County, Texas

Trial Court # 24,906-85

 



Opinion



 

      The
trial court revoked Appellant’s community supervision.  Appellant’s appointed appellate counsel files
an Anders brief.  See
Anders v. California, 386 U.S. 738 (1967). 
We will affirm.

      The
brief thoroughly reviews the procedural history.  In the brief, counsel states that he “has
diligently reviewed the record in this case,” including the trial court’s
jurisdiction, the voluntariness of Appellant’s plea of true to the motion to
revoke, and the effectiveness of trial counsel, and states his opinion that
“the record reflects no reversible error or grounds upon which an appeal can be
predicated.”  See Anders at 744.  On
abatement, the district court found that counsel provided Appellant with a copy
of the brief on or about October 13, 2002; and on August 23, 2003, informed Appellant of his right to review the
record and file a response.  See Anders at 744; Sowels v. State, 45 S.W.3d 690, 693 (Tex. App.—Waco 2001, no pet.).  The district court found that Appellant did
not want to examine the record or file a response.  Appellant has not filed a response.

      We
have conducted an independent review of the record to discover whether there
are arguable grounds for appeal.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); see also
Anders at 744.  We determine that
there are none.  The indictment and
motion to revoke invoked the district court’s jurisdiction, and that court
assessed punishment within the range of punishment for the offense.  Appellant pleaded true to one of the
allegations in the motion to revoke.  See Cole v. State, 578 S.W.2d 127 (Tex.
Crim. App. [Panel Op.] 1979).  The
district court correctly overruled Appellant’s objections and correctly
sustained objections to counsel’s cross-examination.  The district court sustained numerous, proper
objections by trial counsel; and counsel cross-examined the State’s witnesses,
examined Appellant, and vigorously advocated a lesser sentence.

      Accordingly,
we affirm the judgment.  Counsel must
advise Appellant of our decision and of his right to file a petition for
discretionary review.  See Sowels at 694.

TOM GRAY

Chief Justice

Before
Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Affirmed

Opinion
delivered and filed June 9, 2004

Do
not publish

[CR25]






 the dirt according to their own specifications. Based upon this
evidence, the Posse argued that only the lessees, and not the Posse, owed a duty to the spectators
of the race. The trial court apparently agreed.
IV. Who Bears the Duty to Make the Premises Safe?
          As a general rule, "a lessor of land is not liable to his lessee or to others on the land for
physical harm caused by any dangerous condition, whether natural or artificial, which existed
when the lessee took possession." Brownsville Navig. Dist. v. Izaguirre, 829 S.W.2d 159, 160
(Tex. 1992) (quoting Restatement (Second) of Torts § 356 (1965)). The general rule, while
appealing in most circumstances, incorrectly describes the law in a number of different landlord-tenant situations, and the Restatement, accordingly, has identified six exceptions to it: where the
lessor contracts to make repairs (§ 357); where the lessor fails to disclose to the lessees dangerous
conditions of which the lessor knows (§ 358); where the land is leased for public admission (§
359); where the lessor retains part of the leased premises in his control which the lessee is entitled
to use (§ 360); where part of the premises is retained by the lessor but is necessary for the part
leased to the lessee (§ 361); and where the lessor makes negligent repairs (§ 362). See Garza-Vale
v. Kwiecien, 796 S.W.2d 500, 502 n.3 (Tex. App.—San Antonio 1990, writ denied); see also
Izaguirre, 829 S.W.2d at 160-161. Texas courts, by and large, have accepted section 356 as a
correct statement of the law and have adopted the exceptions identified in sections 357 to 362. 
Garza-Vale, 796 S.W.2d at 502. Section 359, however, has not received the same welcome as
the others. In fact, we are aware of only one Texas court that has considered the merits of section
359 and that court expressly declined to adopt it. See Wallace v. Horn, 506 S.W.2d 325, 329-330
(Tex. Civ. App.—Corpus Christi 1974, writ ref'd n.r.e.).


 The Wallace court decided that it saw
no reason to add yet another exception to the general rule of non-liability for a landlord, which,
as the Wallace court understood, provides that:
Where there is no agreement by the landlord to repair the demised premises and he is not
guilty of any fraud or concealment by failing to disclose hidden defects of which he has
knowledge, the tenant takes the risk of their safety and the landlord is not liable to him or
to any other person entering under his title or by his invitation for injury caused by their
unsafe condition.

City of Fort Worth v. Barlow, 313 S.W.2d 906, 917 (Tex. Civ. App.—Fort Worth 1958, writ
ref'd n.r.e.) (emphasis in original).
          The authors of section 359 recognized, first, that people invariably enter public places with
the reasonable expectation that they are kept in good repair and, second, that the landlord should
bear a duty to the public when he knows, or should know, that dangerous conditions exist on the
leased premises and the lessee will admit the public before rectifying them. Hao v. Campbell
Estate, 869 P.2d 216, 220 (Haw. 1994); see also Restatement (Second) of Torts § 359 cmt.
a. The wisdom of this rationale has been recognized in a number of jurisdictions across the United
States who have cited section 359 with favor. Hao, 869 P.2d 216, 219-222; Great Atl. & Pac.
Tea Co., Inc. v. Wilson, 408 N.E.2d 144, 149 (Ind. App. 1980); Borders v. Roseberry, 532 P.2d
1366, 1370 (Kan. 1975); Roth v. Zukowski, 757 S.W.2d 581, 583-584 (Mo. 1988) (en banc);
Martin v. The Maintenance Co., Inc., 588 F.2d 355, 358 n.2 (2nd Cir. 1978) (applying New York
law); Jones v. Three Rivers Management Corp., 394 A.2d 546, 553 (Pa. 1978); Utesch v. Atlas
Motor Inns, Inc., 687 F.2d 20, 23 (3rd Cir. 1982) (applying the law of the Virgin Islands). Still
other jurisdictions have expressly adopted and followed section 359. Spain v. Kelland, 379 P.2d
149, 151-152 (Ariz. 1963); Graves v. United States Coast Guard, 692 F.2d 71, 73-74 (9th Cir.
1982) (applying California law); Dalmo Sales of Wheaton, Inc. v. Steinberg, 407 A.2d 339, 351-352 (Md. App. 1979); Brunton v. Ellensburg Washington Lodge No. 1102 of the Benevolent and
Protective Order of Elks, 872 P.2d 47, 48-49 (Wash. App. 1994).



          Coinciding with this acceptance by American courts of section 359, along with the several
other exceptions to section 356, has come a trend of moving away from the strict common law rule
of caveat emptor in the lessor-lessee context and displacing it with the public policy requiring
those who knowingly permit the public to enter premises under their control to make those
premises safe for the public's use. Brunton, 872 P.2d at 49; Pagelsdorf v. Safeco Ins. Co. of Am.,
284 N.W.2d 55, 59-60 (Wis. 1979). The purpose of section 356 makes sense in relation to the
agrarian economy and culture from which it originated when lessees would rent property for years
at a time for the purpose of growing crops or raising livestock. Pagelsdorf, 284 N.W.2d at 59
(quoting Sargent v. Ross, 308 A.2d 528, 530 (N.H. 1973)). But in this modern day when
property is leased by lessees not for the utility of the land, itself, but for the temporary use of the
buildings contained thereon, less and less justification remains for expecting the lessee to discover
and repair dangerous defects on the property. Id.; see also Restatement (Second) of Torts
§ 356 cmt. a, h. The evolution of this trend can be attributed to the realization that the public
must be protected from dangerous conditions present on another's property open to them and an
attempt to place the burden of repairing the defects with the party best suited to fulfill that
responsibility. Section 359 comports with the development of this trend.



          The merit of section 359 can be seen particularly well under the facts in Brunton. The
mother of a bride-to-be rented a hall owned by the Elks for the purpose of holding a reception
after her daughter's wedding. Brunton, 872 P.2d at 48. A guest at the reception entered the hall
and fell down some steps that were difficult to see because of the structure of the hall. Id. Of the
80-90 guests at the reception, approximately six tripped on the stairs. Id. Under those facts, the
public policy of ensuring the safety of the public would not be furthered if the duty of making the
premises safe was shifted to the lessee when the lessee is only going to be in possession of the hall
long enough to hold a wedding reception.


 Section 359 answers this problem by placing the duty
where it may best be heeded, with the party that has the actual ability to adequately inspect the
premises on a regular basis for dangerous conditions and correct them. Understandably, when the
lessor leases the premises to the lessee for an extended period of time and the lessee, according
to the terms of the lease agreement, assumes the duty to repair any dangerous conditions on the
premises, the lessor reasonably should expect the lessee to inspect and maintain the premises to
make them safe. See Wallace, 506 S.W.2d at 327. But under the facts in Brunton, where the
lessee is only in possession for a short period of time, it would be futile to expect her to undertake
any meaningful repairs to make the premises safe for the public.
          The facts of the instant case are similar to those in Brunton. The lessees rented the arena
for only a day with the purpose of holding an event that was open to the public. There was a
dangerous condition present on the premises that ultimately resulted in an injury to Endsley. We
hold that section 359 applies under these facts. 
          Without considering subsections (a) and (b) of section 359, we find that Endsley has raised
a fact issue at least concerning subsection (c), namely, whether the Posse failed to exercise
reasonable care to discover the rocks, to remedy the condition, or otherwise to protect the public
against the rocks being kicked into the air by horses. No summary judgment evidence was
presented to indicate that the Posse met its duty to remedy the condition. This absence of evidence
is sufficient to warrant a remand to the trial court on the ground that a factual issue exists.
          We sustain Endsley's two points of error and the judgment is reversed and remanded.


                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed June 28, 1995
Publish