Affirmed in Part, Reversed and Remanded in Part, and Plurality,
Concurring, and Concurring and Dissenting Opinions filed May 30, 2006









 

Affirmed in Part, Reversed and Remanded in Part, and
Plurality, Concurring, and Concurring and Dissenting Opinions filed May 30,
2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01104-CV

____________

 

CRYSTAL LYNN
BROWN, INDIVIDUALLY AND AS NEXT FRIEND OF MIKAYLA MORRISON, A MINOR; LEROY
ALLEN; DIEDRA DENSON, INDIVIDUALLY AND ON BEHALF OF ADRIAN THOMPSON, JR., A
MINOR; TAMMALA BASZILE; AND TAI BASZILE, Appellants

 

V.

 

HEARTHWOOD II OWNERS
ASSOCIATION, INC., Appellee

 



 

On Appeal from the 270th
Judicial District Court

Harris County, Texas

Trial Court Cause No. 03-35550

 



 

P L U R A L I T Y    O P I N I O N








This appeal arises from a personal injury
lawsuit in which the appellants sought damages from appellee Hearthwood II
Owners Association, Inc.  (AHearthwood@) for injuries
sustained while evacuating a building during a fire.  The trial court granted Hearthwood=s motion for
summary judgment, and in a single issue, appellants challenge the order.  We affirm in part, reverse in part, and
remand this case for further proceedings consistent with this opinion.

I.  Factual and Procedural Background 

On or about April 18, 2002, appellants
resided or were present[1]
at 2824 South Bartell in Houston, Texas when a fire broke out.  Appellants allege they sustained physical,
mental, or emotional injuries as a result of the fire or the evacuation.  Appellants claim appellee=s negligence,
breach of contract, and malice were responsible for their physical and mental
anguish and other damages. 

According to appellants, Hearthwood owned,
possessed, managed or controlled the relevant portions of the premises;
however, none of the parties allege that appellants were tenants, or that
Hearthwood was the appellants= landlord.








Hearthwood moved for summary judgment
against appellants Crystal Lynn Brown, individually and as next friend of
Mikayla Morrison, and against Leroy Allen and Diedre Denson, individually and
as next friend of Adrian Thompson.[2]  In its motion, Hearthwood claimed it was
entitled to summary judgment on all of appellants= claims because
the Texas Smoke Detector Statute[3]
provides the exclusive remedy for tenants[4]
who receive injuries resulting from a fire. 
Hearthwood also moved for summary judgment on appellants= negligence and
malice claims, arguing that, as an owner=s association, it
did not owe appellants a duty of care. 
In addition, Hearthwood asserted that appellants= breach of
contract claim could not be sustained because appellants had not proved a
contractual relationship with Hearthwood. 
Finally, Hearthwood argued that after an adequate time for discovery,
appellants Acannot provide any evidence to support
their claims@ for physical and mental anguish, malice,
and exemplary damages.  Appellants
responded that Hearthwood had the burden of proof on its defenses.

On November 4, 2004, the trial court
granted Hearthwood final summary judgment, ordering that APlaintiffs take
nothing from Defendant.@[5]  The trial court did not specify the grounds
for its ruling.

II. 
Issue Presented








In a single issue, appellants challenge
the trial court=s grant of summary judgment, arguing that
their uncontroverted evidence raised genuine issues of material fact.  Such a general statement is sufficient to
allow argument as to all the possible grounds upon which summary judgment
should have been denied.  Malooly
Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).  We have previously held that a general Malooly
issue statement only preserves a complaint if the ground challenged on appeal
is supported by argument.  See, e.g.,
Cruikshank v. Consumer Direct Mortgage, Inc., 138 S.W.3d 497, 502B03 (Tex. App.CHouston [14th
Dist.] 2004, pet. denied); Pena v. State Farm Lloyds, 980 S.W.2d 949,
959 (Tex. App.CCorpus Christi 1998, no pet.) (Malooly
allows the non-movant to argue broadly on appeal under a general point of
error, but does not relieve an appellant of the burden to challenge the grounds
for the summary judgment and to present argument for his case on appeal); see
also Plexchem Int=l, Inc. v. Harris
County Appraisal Dist., 922 S.W.2d 930, 930B31 (Tex. 1996) (holding
that appellant preserved error on an issue where, in addition to stating a
broad point of error asserting the court erred in granting summary judgment,
appellant=s brief presented three pages of argument
and authorities on the issue).

We therefore review the single argument
presented by appellants: that Hearthwood failed to meet its burden to show that
no genuine issue of material fact exists and that it was entitled to judgment
as a matter of law.   Because a summary
judgment movant bears this burden only when moving for traditional summary
judgment, not when moving for summary judgment on no-evidence grounds,
appellants= argument applies only to the extent that
the motion at issue is treated as a traditional motion for summary judgment. 

III. 
Standard of Review

Appellants have consistently treated
Hearthwood=s entire motion as one seeking traditional
summary judgment pursuant to Rule 166a(c) of the Texas Rules of Civil
Procedure, while Hearthwood treats the same motion as one seeking a no-evidence
summary judgment governed by Rule 166a(i). 
Each argues the other bore the burden of proof, and each complains the
other failed to present competent summary judgment evidence. 








In actuality, the motion is a hybrid,
seeking traditional summary judgment on some claims and no evidence summary
judgment on others.  By limiting their
response and appeal to Hearthwood=s failure to
satisfy its burden under traditional summary judgment standards, appellants
have waived error as to those grounds on which Hearthwood sought a no-evidence
summary judgment.  Similarly, by
insisting that only appellants were required to produce evidence, Hearthwood
has failed to meet its own burden of proof on those claims on which it moved
for traditional summary judgment.  Thus,
the parties= strict adherence to their respective
positions has produced a mixed result.[6]

 The
two forms of summary judgment are distinct and invoke different standards of
review.  Lavaca Bay Autoworld, L.L.C.
v. Marshall Pontiac Buick Oldsmobile, 103 S.W.3d 650, 653 (Tex. App.CCorpus Christi
2003, no pet.).  Where the nonmovant does
not receive notice that a no-evidence summary judgment is sought, we presume
that the movant sought traditional summary judgment.  Adams v. Reynolds Tile and Flooring, Inc.
120 S.W.3d 417, 420 (Tex. App.CHouston [14th
Dist.] 2003, no pet.).  








Although Hearthwood=s motion did not
expressly state whether it sought traditional or no-evidence summary judgment,
it cited only to Rule 166a(c) and to cases addressing traditional summary
judgment.   Moreover, Hearthwood=s motion did not
state there was Ano evidence@ of a specific
element of appellant=s negligence or breach of contract causes
of action.  Further, because Hearthwood
bore the burden of proof on its affirmative defense that appellants= claims were
barred by the Texas Smoke Detector Statute, that argument could not have been
addressed under Rule 166a(i).[7]
 Compare Tex. R. Civ. P. 166a(c), with Tex. R. Civ. P. 166a(i) (setting forth the different burdens
borne by the movant and the nonmovant under each section).  Therefore, we review Hearthwood=s motion for
summary judgment regarding the applicability of the Texas Smoke Detector
Statute and appellants= breach of contract and negligence claims
under the traditional summary judgment standard. 

Hearthwood=s motion also
alleged that after an adequate time for discovery, appellants could not provide
any evidence to support their claims of Aphysical and
mental anguish,@ emotional distress,[8]
malice, and for exemplary damages.  The
absence of Aany evidence@ is the same as Ano evidence.@  In addition, the assertion that an Aadequate time for
discovery@ had passed tracks the language of Rule
166a(i).  By these assertions, Hearthwood
unmistakably sought summary judgment on these specific claims pursuant to Rule
166a(i).  Because these arguments do not
present a situation in which the nonmovant had no notice that the movant sought
summary judgment on no-evidence grounds, the presumption that the entire motion
seeks only traditional summary judgment does not apply.








Although Hearthwood=s motion sought
traditional summary judgment as to some claims, and no-evidence summary
judgment as to others, appellants= sole argument on
appeal is that Hearthwood was not entitled to traditional summary judgment.  Appellants do not contend a no-evidence
summary judgment on malice, exemplary damages, physical anguish, mental
anguish, or emotional distress  was
improper or unwarranted.  With nothing
presented for our review on these claims, we review the judgment only as it
pertains to the Texas Smoke Detector Statute and to appellants= negligence and
breach of contract claimsCthe only grounds on which Hearthwood
sought traditional summary judgment.[9]

In a traditional motion for summary
judgment, the movant has the burden of showing that there is no genuine issue
of material fact and that it is entitled to judgment as a matter of law.  Am. Tobacco Co. v. Grinnell, 951
S.W.2d 420, 425 (Tex. 1997).  To be
entitled to traditional summary judgment, a defendant must conclusively negate
at least one essential element of each of the plaintiff=s causes of action
or conclusively establish each element of an affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997).  Evidence is
conclusive only if reasonable people could not differ in their
conclusions.  City of Keller v. Wilson,
168 S.W.3d 802, 816 (Tex. 2005).  When
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant, and we indulge every reasonable inference and resolve any doubts in
the nonmovant=s favor. 
Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 157 (Tex.
2004).  We affirm the summary judgment if
any of the theories presented to the trial court is sufficient to sustain the
judgment.  Id. 








A summary judgment must stand or fall on
its own merits, and the nonmovant=s failure to
except or respond cannot supply by default the grounds for summary judgment or
the summary judgment proof necessary to establish the movant=s right.  McConnell v. Southside Indep. Sch. Dist.,
858 S.W.2d 337, 342 (Tex. 1993).  When a
trial court=s order granting summary judgment does not
specify the grounds relied upon, we must affirm the summary judgment if any of
the summary judgment grounds presented are meritorious.  FM Props. Operating Co. v. City of Austin,
22 S.W.3d 868, 872B73 (Tex. 2000).

III. 
Analysis

A.      Traditional Summary
Judgment Grounds

1.       Texas Smoke
Detector Statute

According to Hearthwood, all of appellants= claims are barred
by the Texas Smoke Detector Statute. 
This is an affirmative defense for which Hearthwood bore the burden of
proof.  Consequently, Hearthwood was
required to prove it was entitled to judgment on this basis by establishing
each element of the defense as a matter of law. 
See Tex. R. Civ. P. 166a
cmt.

The Statute Aapplies only to
the relationship between landlords and tenants of residential property.@  Tex.
Prop. Code Ann. ' 92.002 (Vernon 1995); see also
Gilstrap v. Park Lane Town Home Ass=n, 885 S.W.2d 589,
591 (Tex. App.CAmarillo 1994, no pet.) (reversing summary
judgment in favor of condominium owners= association where
the plaintiffs were not shown to be the association=s tenants).  Hearthwood therefore bore the burden to prove
that appellants were its tenants.  Having
submitted no evidence on this issue, Hearthwood has failed to meet its burden
of proof.  Therefore, we cannot sustain
the summary judgment on this basis. 








2.       Negligence

Hearthwood=s motion for
summary judgment addressed appellants= negligence claims
only by stating, APlaintiffs fail to prove each element of
their negligence cause of action@ and contending
that, as an owner=s association, Hearthwood did not owe
appellants a duty of care.   Hearthwood
provided no evidentiary or legal support for this argument. 

In civil cases, A[n]o doctrine is
more firmly established than that issues of fact are resolved from a
preponderance of the evidence . . . .@  Sanders v. Harder, 148 Tex. 593, 598,
227 S.W.2d 206, 209 (1950).  In the civil
context, Afailure to prove@ therefore means
only that a plaintiff has produced something less than a preponderance of
evidence.  It is not the equivalent of Ano evidence.@  Hence, Hearthwood=s claim that
appellants Afailed to prove@ their negligence
claim cannot be read as asserting a no-evidence basis for summary
judgment.  Thus, we must review this
assertion under the traditional summary judgment standard and determine whether
Hearthwood has proved its entitlement to summary judgment on appellants= negligence claims
as a matter of law.  

A movant for traditional summary judgment
conclusively negating at least one essential element of a cause of action is
entitled to summary judgment on that claim. 
Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.
2002).  The only element of negligence
addressed by Hearthwood in its motion for summary judgment is the element of
duty.








The existence of a legal duty is a
question of law for the court to decide Afrom the facts
surrounding the occurrence in question.@  Centeq Realty, Inc., v. Siegler, 899
S.W.2d 195, 197 (Tex. 1995).  Hearthwood
presented no evidence to establish the Afacts surrounding
the occurrence in question,@ and cited no
authority in support of its argument that Aan owners= association@ owes no duty to
persons such as appellants.  Hearthwood=s global,
unsupported, and conclusory statements do not satisfy the requirements for
summary judgment under Rule 166a(c). 
Because Hearthwood=s bare assertion does not conclusively
establish the absence of a duty, this argument cannot support the summary
judgment.

3.       Breach of Contract

Hearthwood claimed appellants= breach of
contract claim could not be sustained because appellants Ahave failed to
prove a contractual relationship@ with
Hearthwood.  As discussed above, that
language does not convert a motion for traditional summary judgment into a
motion for no evidence summary judgment; rather, it was Hearthwood=s burden to
conclusively negate at least one element of appellants= breach of
contract claims.

Although Hearthwood contends there is no
contractual relationship between the parties, it has produced no evidence in
support of this contention.[10]  In the absence of evidence, Hearthwood has
not conclusively negated any element of the claim.  Because Hearthwood failed to satisfy its
burden under Tex. R. Civ. P. 166a(c),
the summary judgment cannot be sustained on this basis.

B.      No-Evidence Summary Judgment Grounds

1.       Existence of a
Fact Issue

Appellants argue the evidence they
submitted in response to the motion for summary judgment is sufficient to
create fact issues, while Hearthwood objects to the same evidence on the
grounds that it is unauthenticated hearsay. 
Appellants respond that Hearthwood has waived its objections by failing
to obtain a ruling from the trial court.








Because Hearthwood failed to show it was
entitled to traditional summary judgment on appellants= claims of
negligence and breach of contract, appellants were not required to produce
evidence in support of those claims.[11]  In contrast, the no-evidence portions of
Hearthwood=s motion shifted the burden of proof to appellants
to produce evidence supporting their claims of 
malice, physical anguish, mental anguish, emotional distress, and
exemplary damages.[12]  Despite this shift, appellants have continued
to focus their arguments on the inadequacy of Hearthwood=s summary judgment
evidence.    

Appellants= entire argument
regarding the existence of fact issues is as follows:

Insofar as Appellants excepted and
objected to Appellee=s Motion for Final Summary Judgment
and the dearth of evidence proffered by it in support thereof, it was incumbent
upon Appellee to correct the deficiencies before going forward with same in a
hearing thereon.  Since Appellee failed
to do so and since Appellants preserved their exceptions and objections by
timely filing same, the Trial Court erred in granting Appellee=s Motion for Final Summary Judgment
in view of the deficiencies and/or defects contained in said Motion for Final
Summary Judgment and in view of Appellants= responses thereto which created
genuine issues of material fact.

Appellate briefs must Acontain a clear
and concise argument for the contentions made, with appropriate citations to
authorities and to the record.@  Tex.
R. App. P. 38.1(h).  Failure to
either cite authority or advance substantive analysis waives the issue on
appeal.  Sunnyside Feedyard, L.C. v.
Metro. Life Ins. Co., 106 S.W.3d 169, 173 (Tex. App.CAmarillo 2003, no
pet.).








Appellants have not simply failed to
provide substantive analysis; they have failed to identify any fact issue
allegedly raised, the claim to which the fact issue applies, or the evidence that
raised the fact issue.  As a result, we
are unable to evaluate whether the unidentified fact issues are genuine or
material.  Appellants= argument
regarding the existence of genuine issues of material fact is therefore
waived.    

As the nonmovants, appellants were
required to produce more than a scintilla of evidence in response to Hearthwood=s 166a(i)
motion.  See Ford Motor Co.,
135 S.W.3d at 600.  Appellants do not
argue on appeal that they have produced more than a scintilla on evidence on
each element of their claims of malice, physical anguish, mental anguish,
emotional distress, and exemplary damages. 
For the reasons stated, we affirm the judgment of the trial court only
with respect to Hearthwood=s no-evidence
summary judgment claims. 

IV. 
Conclusion

Appellants have presented no argument
addressing the trial court=s judgment as it
pertains to malice, exemplary damages, physical anguish, mental anguish, or
emotional distress; therefore, we affirm the judgment as to those claims.  Because appellee Hearthwood has presented no
evidence establishing its entitlement to summary judgment on its affirmative
defense or on appellants= claims for breach of contract or
negligence, we reverse 








the summary judgment as to these issues, and remand
this case for further proceedings consistent with this opinion.

 

 

/s/      Eva M. Guzman

Justice

 

 

 

Judgment rendered and Plurality,
Concurring, and Concurring and Dissenting Opinions filed May 30, 2006.

 

Panel consists of Justices Fowler,
Edelman, and Guzman. (Fowler, J. Concurring and Dissenting.  Edelman, J. Concurring.) 

 











[1]  Crystal Lynn
Brown, Mikayla Morrison, Tammala Baszile, and Tai Baszile are allegedly Aresidents@ of the
building, while Leroy Allen, Diedra Denson, and Adrian Thompson, Jr., are
alleged only to have been Apresent.@





[2]  The motion for
summary judgment states that Hearthwood Amoves
for final summary judgment against Plaintiffs . . . .@  The Aintroduction@ section
of the motion states APlaintiffs are Crystal Lynn Brown, individually and as
next friend of Mikayla Morrison, a minor; Leroy Allen and Deirdre Denson,
individually and as next friend of Adrian Thomas.@  This section omits the names of Tammala and
Tai Baszile.  ACrystal Lynn Brown, et al@ responded to the motion.  Appellants have consistently used this
designation to refer to all appellants, including Tammala and Tai Baszile.





[3]  Tex. Prop. Code Ann. ' 92.252(a) (Vernon Supp. 2005).





[4]  See supra
note 1.





[5]  The order
explicitly grants final summary judgment, and does not exclude Tammala and Tai
Baszile from the judgment, although Hearthwood had not moved for judgment on
their claims.  The trial court clearly
intended the order to be treated as final, and it was so treated by all
parties.  See Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 200 (Tex. 2001).  Because
the inclusion of Tammala and Tai Baszile in the judgment has not been
identified as an issue or briefed by any party on appeal, this opinion treats
all appellants as properly included in the motion for summary judgment, just as
the parties have done.  

 





[6]  Although a
party can move for both traditional and no-evidence summary judgment in a
single document, it is advisable to use headings to separate the different
claims.  See Binur v. Jacobo, 135
S.W.3d 646, 651 (Tex. 2004) (noting that such separation is not required, but
is Ahelpful to the bench and bar . . . .@). 





[7]  Hearthwood
also filed ADefendant=s
Rebuttal to Plaintiff=s Response to Defendant=s Motion
for Final Summary Judgment,@ in which it argued that appellants produced Ano evidence@ in
support of their claims.   The rebuttal
did not purport to assert new grounds for summary judgment.  It instead argued that Hearthwood was
entitled to summary judgment because appellants failed to respond to the previously
filed motion with competent summary judgment evidence.  This argument was based on Hearthwood=s explicit and erroneous assumption that the motion
for summary judgment had shifted the burden to appellants Ato produce any and all evidence supporting their
causes of action.@  While
appellants were required to produce Amore
than a scintilla of evidence@ to overcome Hearthwood=s
no-evidence grounds for summary judgment, they were not required to respond to
any of Hearthwood=s  grounds for
traditional summary judgment unless Hearthwood first established its
entitlement to summary judgment on those issues as a matter of law.  Compare Ford Motor Co. v. Ridgway,
135 S.W.3d 598, 600 (Tex. 2004) (nonmovant must produce more than a scintilla
of evidence in response to a 166a(i) motion) with  Tex. R.
Civ. P. 166a cmt. (AParagraph (i) does not apply to ordinary motions for
summary judgment under paragraphs (a) or (b), in which the movant must prove it
is entitled to judgment by establishing each element of its own claim or
defense as a matter of law@) and City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 (Tex. 1979) (AThe
trial court may not grant a summary judgment by default for lack of an answer
or response to the motion by the non‑movant when the movant=s summary judgment proof is legally insufficient.@).





[8]  All parties
have included Aemotional distress to the minds and emotions@ of appellants within the category of Aphysical and mental anguish.@





[9]  The concurring
and dissenting opinion would treat the entire motion as a traditional motion
for summary judgment on the grounds that the Ano-evidence@ portions of the motion were defective for failure to
specify the elements or evidentiary components of appellants= physical anguish, mental anguish, malice, and
exemplary damages causes of action.  This
issue, if raised by appellants, would require the court to determine whether
physical anguish, mental anguish, malice, and exemplary damages are Aclaims@ consisting of elements, or are instead types of
damages used to prove or enhance the damage Aelement@ of other causes of action.  See, e.g.,  Denton v. Big Spring Hosp. Corp., 998
S.W.2d 294, 298 (Tex. App.CEastland 1999, no pet.) (malice and injury are not
elements of a cause of action for the purposes of Tex. R. Civ. P. 166a(i), but are instead Aevidentiary components@ that
may prove an element of a cause of action); Kawecki v. Int=l Bank of Commerce, No. 14-01-01025, 2003 WL 21782345, *6 (Tex. App.CHouston [14th Dist.] July 31, 2003, no pet.) (mem.
op.) (not designated for publication) (motion alleging there is no evidence of
mental anguish shifts burden to non-movant to produce evidence); Boyles v.
Kerr, 855 S.W.2d 593, 594 (A[a] claimant may recover mental anguish damages only
in connection with defendant=s breach of some other legal duty@) (Tex. 1993); Everett v. TK‑Taito, L.L.C.,
178 S.W.3d 844, 860 (Tex. App.CFort Worth 2005, no pet.) (AAn exemplary damages claim will not stand alone; it
depends on some pleaded liability claim.@); Tex. Civ. Prac. & Rem. Code Ann. ' 41.003 (Vernon 2003) (malice is defined by statute as
an element of exemplary damages). 
However, this issue was not presented to the trial court or briefed on
appeal, and is therefore waived.  See
Tex. R. App. P. 33.1, 38.1(h); Williamson
v. State Farm Lloyds, 76 S.W.3d 64, 67 (Tex. App.CHouston [14th Dist.] 2002, no pet.).





[10]  In order to
meet its burden of proof, Hearthwood was required to prove a negativeCthe absence of a contractCby evidence such as affidavit testimony.  See U.S. Bank, N.A. v. Prestige Ford
Garland Ltd. P=ship, 170
S.W.3d 272, 277 (Tex. App.CDallas 2005, no pet.) (considering summary judgment
evidence, including an affidavit testifying to the absence of a contract).





[11]  See supra note 7.





[12]  Appellants do
not argue that Hearthwood=s no-evidence arguments lacked the required
specificity.  See Tex. R. Civ. P.
166a(i) (a no-evidence summary judgment must identify one or more essential
elements of a claim or defense on which an adverse party would have the burden
of proof at trial and for which there is no evidence).